■ BROWNING-FERRIS INDUSTRIES OF NEW YORK, INC., Appellant, v COUNTY OF MONROE, Respondent. — Judgment unanimously reversed, on the law, with costs, plaintiff's motions to amend complaint and for summary judgment granted, and judgment declared in favor of plaintiff in accordance with memorandum herein, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Plaintiff has brought an action seeking a declaration of its rights under a five-year contract with the county in which plaintiff, among other things, agrees to provide trash hauling services to refuse disposal sites in the Monroe County area. Plaintiff appeals from an order granting defendant's cross motion and directing a declaration in defendant's favor, and plaintiff also appeals from denials of its motions for summary judgment and for permission to serve an amended complaint. We reverse, deny defendant's cross motion and grant plaintiff's motions. ¶ We agree with Special Term and with the parties that the contract can be interpreted and the rights of the parties properly declared without the aid of further proof. The contract contains two separate guarantees — a guarantee of a minimum annual dollar payment of $2,635,675 for the hauling services and a guarantee of a minimum annual hauling tonnage of 150,000 tons referred to in the "Itemized Unit Price Bid Schedule" and at other points in the contract documents as the "150,000 Ton/Year Guaranteed Minimum Tonnage". We cannot accept the county's contention that the 150,000 guaranteed minimum annual tonnage should not be given effect as a separate guarantee or that its compliance with the minimum payment guarantee should relieve it of its obligations to comply with the 150,000 minimum tonnage guarantee. The two guarantees are separate and distinct and call for different performances, and the performance of one cannot be the performance of the other. The county's interpretation (which does not give effect to the minimum tonnage guarantee) contravenes the accepted rule of construction that a contract should be interpreted to give meaning and effect to every provision (see *Corhill Corp. v S.D. Plants,* 9 NY2d 595; *Peripheral Equip. v Farrington Mfg. Co.,* 29 AD2d 11). ¶ We also reject the county's contention that it was intended that the bidder be compensated at the rates listed in columns 5 and 6 of the "Itemized Unit Price Bid Schedule" for amounts hauled to sites located in a given distance zone in excess of the estimated tonnage listed on the "Itemized Unit Price Bid Schedule" for that particular distance zone even though the 150,000 ton minimum guarantee for the year has not been achieved. It is undisputed that under the contract the county is in complete control of defendant's performance and may, in its discretion, designate the amounts and destinations of the trash to be hauled. When the contract was let, only two of the seven distance zones listed on the "Itemized Unit Price Bid Schedule" had landfill sites, and the county officials had no way to predict with any accuracy the quantities or the destinations of the hauls that would be required under the contract during any period. The county concedes that the tonnage figures listed on the "Itemized Unit Price Bid Schedule" are purely arbitrary hypothetical figures which bear no relationship to predicted haulage volume or haulage distances and which are set forth on the schedule to be used as multipliers in the computation of the minimum annual payment. Nevertheless, the county in this action seeks to give these concededly arbitrary hypothetical tonnage estimates an additional and, in the context of this declaratory judgment action, a crucial purpose — that of acting as cutoff points beyond which the bidder cannot receive the higher rates (listed in columns 1 and 2 of the bid schedule) for deliveries in a particular zone, irrespective of whether the bidder has achieved the minimum annual guaranteed haulage of 150,000 tons. We find no basis in the contract, in the contract documents, or in the extraneous proof for holding that these arbitrary tonnage figures were intended to be given this limiting effect. ¶ If the county's interpretation is

adopted, the amount a bidder would receive for services rendered under the contract would not vary directly with the amounts and distances of the total haulage required by the county. Rather, it would depend in large measure upon happenstance; i.e., upon concededly unpredictable decisions of county officials in directing that the total haulage be distributed in such amounts as they may determine among sites, chosen by them in their discretion, each of which must be located in one of the several distance zones listed on the bid schedule to which the county has allocated in a purely arbitrary fashion widely varying tonnage estimates. Such a construction of the agreement can, depending upon the amounts and destinations of the required haulage, result in unfair and anomalous consequences, and the contract should be interpreted, if possible, to avoid such results (see *Matter of Friedman,* 64 AD2d 70, 82; *River View Assoc. v Sheraton Corp.,* 33 AD2d 187, 190, affd 27 NY2d 718). ¶ We agree with plaintiff that it is the intention of the contract that a bidder should be compensated at the rates listed on the "Itemized Unit Price Bid Schedule" under columns 1 and 2, applicable to the particular distance zone in which the destination of the haul is located until the 150,000 ton/year guaranteed minimum tonnage has been achieved. Such construction gives meaning and effect to the 150,000-ton minimum guarantee and is consistent with the intent which appears from other provisions in the contract documents and in the extraneous memoranda and other evidence pertaining to the circumstances surrounding the letting of the contract — that the bidder should be compensated for the first 150,000 tons hauled based upon "the actual haul radius distances actually utilized during the calendar year." ¶ The rights of the parties are accordingly declared as set forth in this memorandum. The matter is remitted to Special Term for such further proceedings as may be necessary to make effective the rights declared herein. (Appeal from judgment of Supreme Court, Monroe County, Davis, J. — declaratory judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.