■ TYNAN INCINERATOR COMPANY, INC., and DeFoe CORPORATION, a Joint Venture, Respondent, v INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant.—In an action to recover on a faithful performance bond, the defendant appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered December 28, 1984, which, after a nonjury trial limited to the issue of damages, is in favor of the plaintiff and

against it in the principal sum of $252,553.94, with interest thereon from June 1, 1981.

Judgment modified, on the facts, by reducing the amount awarded as damages therein from the principal sum of $252,553.94 to the principal sum of $246,553.94 and by deleting the provision awarding interest from June 1, 1981, and substituting therefor a provision awarding predecision interest from August 10, 1982. As so modified, judgment affirmed, with costs to the plaintiff, and matter remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The plaintiff, a joint venture, entered into a contract with the City of Glen Cove for the construction by it of a "sludge & refuse co-disposal complex". The plaintiff then entered into a subcontract with Dometco Systems, Inc. (hereinafter Dometco) whereby the latter, for the sum of $275,000, was to design, fabricate and erect a refractory lined steel stack in accordance with plans and specifications provided by the city. Dometco, at its own expense, obtained a $275,000 faithful performance bond from the defendant. Subsequent to submitting shop drawings, Dometco, due to unforeseen price increases, abandoned the contract. The defendant was fully informed concerning all communications between the plaintiff and Dometco and was advised by the plaintiff of Dometco's breach. Thereafter, on June 5, 1981, after considering various proposals, the plaintiff entered into a take-over contract with International Chimney Corp. for $500,000. On August 10, 1982, the plaintiff completed payment to International Chimney Corp. This action followed when the defendant failed to comply with its contractual obligations to the plaintiff under the bond.

On April 29, 1983, Special Term granted summary judgment in favor of the plaintiff on the issue of liability and directed a trial on the issue of damages. The trial was held before the court without a jury and at the conclusion thereof the court rendered a verdict finding that the plaintiff was damaged in the sum of $252,553.94, with interest thereon from June 1, 1981.

A party injured by a breach of contract is required to make a reasonable effort to mitigate its damages (see, Losei Realty Corp. v City of New York, 254 NY 41; Carrols Equities Corp. v Villnave, 57 AD2d 1044). The question of whether that party acted reasonably to mitigate its damages is a question of fact (see, Losei Realty Corp. v City of New York, supra).

Here, the plaintiff was not under any obligation to the

defendant to make a claim under the bond that the latter pay Dometco's increased costs *(see, Board of Supervisors v Otis,* 62 NY 88). Further, the defendant was kept fully informed of Dometco's increased costs and could have acted independently to pay Dometco the difference between the contract price and those increased costs in order to induce it to perform. It did not do so. Moreover, the record supports the plaintiff's claim that it made every effort to obtain a take-over contract at the lowest reasonable cost.

Since International Chimney Corp. obtained a payment and performance bond at its own expense, the plaintiff should not have included the cost of that bond as part of its damages. The judgment is therefore reduced by the $6,000 cost of that bond.

Finally, the plaintiff is entitled to interest from the date of the defendant's default *(see,* General Obligations Law § 7-301). The principal's date of default does not determine the surety's date of default *(see, Aetna Cas. & Sur. Co. v B.B.B. Constr. Corp.,* 173 F2d 307, *cert denied* 337 US 917). The defendant had no obligation to perform prior to plaintiff's payment to its replacement subcontractor, International Chimney Corp., on August 10, 1982. Accordingly, predecision interest is awarded from that date (CPLR 5001 [b]). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.