■ Josam Associates, Respondent, v General Bowling Corp., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), dated September 3, 1986, which is in favor of the plaintiff and against it in the principal amount of $14,969.

Ordered that the judgment is reversed, on the law, with costs and the complaint is dismissed.

In 1983, the County of Nassau ordered the plaintiff—the owner and landlord of a shopping center in Hicksville, Long Island—to install a new sewer system and hook up to the public sewer system. The plaintiff demanded that its shopping center tenants pay a pro rata share of the cost of the sewer installation and hookup. The defendant, one of the tenants, refused. We find, as a matter of law, that the defendant was not obligated to pay any portion of the sewer installation and hookup. When the plaintiff and the defendant entered into the lease agreement for the subject premises in 1977 no sewers were in place in the vicinity. Cesspools were used to contain sewage on the premises. In 1981, the county installed public sewers. Paragraph 28 of the lease signed by the defendant, denominated "Water Charges", provides in substance that the tenant is to pay taxes, rent or other charges imposed pursuant to law in "connection with the use, consumption, maintenance or supply of water, water system or sewage connection". It is a

boilerplate clause, containing significant crossing out. Paragraph 38 of the rider to the lease obligated the tenant to maintain utility lines and pay promptly rents, rates, fees and charges for utilities. Paragraph 6 of the lease stated that, except as to the tenant's obligation to install sprinklers, "nothing herein shall require Tenant to make structural repairs or alterations unless Tenant has by its manner of use" of the premises violated any laws, etc. Paragraphs 3 and 4 of the lease confine the tenant's rights and obligations as to alteration, etc., to nonstructural changes and the landlords to structural changes.

Installation of a new sewer system is a structural change *(see, Bush Term. Assocs. v Federated Dept. Stores,* 73 AD2d 943). Further, the obligation to comply with legal requirements affecting the realty is presumptively on the owner *(Bush Term. Assocs. v Federated Dept. Stores, supra).* Moreover, absent an express clause to the contrary, the tenant has no obligation to make structural changes *(Bush Term. Assocs. v Federated Dept. Stores, supra).* Paragraph 28 of the lease seems to impose an obligation on the tenant to pay certain charges incidental to its use of water and the sewage systems, for example, rent, taxes, and the like. It is not clear whether paragraph 28 requires the tenant to incur the cost of installation of a new sewer system. Paragraph 38 of the lease does not shed light on the issue since it only addresses the subject of utilities. We reject the plaintiff's contentions that these two paragraphs of the lease place the obligation to incur the cost of installing a new sewer on the defendant, because such an interpretation of the lease would conflict with the express language of paragraph 6, which clearly limits the tenant's obligation for structural repairs to the installation of sprinklers. Where such a conflict exists, courts favor a construction fitting to the tenor of the lease as a whole *(see, Browning-Ferris Indus. v County of Monroe,* 103 AD2d 1040, *affd* 64 NY2d 1046, *rearg denied* 65 NY2d 923). Paragraphs 3 and 4 clearly place the obligation for structural repairs upon the plaintiff landlord. Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.