■ KAREN C. MIR, Appellant, v OSCAR MIR, Respondent.— In an action for divorce and ancillary relief, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), entered June 18, 1986, as determined that all proceeds of a winning New York State lottery ticket purchased by the defendant during the marriage belong to the defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the third decretal paragraph is amended by deleting the words "belong to the defendant, Oscar Mir", and substituting therefor the words "be divided equally between the plaintiff, Karen Mir, and the defendant, Oscar Mir".

Our review of the prenuptial agreement at bar leads us to conclude that the trial court incorrectly construed the contractual provisions in issue. It is clear from the plain language of paragraphs one and two of the agreement that the parties fully intended to provide for an equal division of all joint property, and that joint property should include all property acquired during the marriage by either party.

The language and design of the prenuptial contract demonstrate that the parties intended to form a complete and simple agreement encompassing all of their property rights and liabilities in the event that the marriage should be terminated. With respect to paragraph three, certainly the parties could not have meant to waive the very rights which they had previously established in paragraphs one and two. The trial court's determination that paragraph three was a "complete modification" of paragraphs one and two is illogical, and cannot be accepted by this court. The only reasonable construction of this provision is that, rather than paragraph three being a complete waiver of the rights established in paragraphs one and two, it is instead a waiver of all other property rights which might otherwise be conferred upon the parties by reason, *inter alia,* of their spousal status or some statutory authority. In other words, the provisions contained in paragraph three were actually intended to limit the parties' property settlement to a distribution strictly in accordance with paragraphs one and two of the agreement, and to serve as a waiver by the parties of any property rights conferred upon them by other authority.

Thus, in accordance with the well settled rule of contract construction that an agreement should be interpreted to avoid inconsistencies and to give meaning to all of its terms and provisions *(see,* 22 NY Jur 2d, Contracts, §§ 221, 222; *Browning-Ferris Indus. v County of Monroe,* 103 AD2d 1040, *affd* 64 NY2d 1046, *rearg denied* 65 NY2d 923), the instant agreement can readily be construed in a manner which permits paragraphs one and two to stand consistent with each and every other paragraph. Moreover, while it is true that the language of an ambiguous contract must be construed most strongly against the drafter of the instrument *(see,* 22 NY Jur 2d,

Contracts, § 228; *McRory v Craft Architectural Metals Corp.,* 112 AD2d 358; *Diodato v Eastchester Dev. Corp.,* 111 AD2d 303), this rule does not justify the construction of an isolated clause in dispute without examining any other relevant rules of construction *(see,* 22 NY Jur 2d, Contracts, § 228; *Atwater & Co. v Panama R. R. Co.,* 246 NY 519). Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.