■ CARMEN D. MOREL, Plaintiff, v CITY OF NEW YORK et al., Defendants, TERMINUS PROPERTIES Co. et al., Respondents, and COHEN'S FASHION OPTICAL, INC., et al., Appellants. [597 NYS2d 8] —Order, Supreme Court, New York County (Leland De-Grasse, J.), entered on or about March 3, 1992, which, inter alia, granted defendant Terminus' motion for summary judgment as against defendant Cohen's to the extent that if plaintiff prevails on her claim and Terminus is found liable to plaintiff, Terminus is entitled to indemnification from and judgment over against Cohen's, unanimously affirmed, without costs.

While Cohen's maintains that an issue of fact exists as to where plaintiff fell, it is clear from the evidence that the site of plaintiff's trip and fall was on the sidewalk adjacent to Cohen's.

Summary judgment was appropriate as to Terminus' cross claim against Cohen's based upon the provisions of the lease agreement between the parties. The unambiguous lease, be-

tween the two sophisticated business entities, clearly provides that Cohen's was responsible for the repair and maintenance of the sidewalk outside its store. While Cohen's argues that the needed work on the area where plaintiff allegedly fell was "structural" and therefore Terminus' responsibility, it is clear that the required work was non-structural (see, e.g., *Josam Assocs. v General Bowling Corp.*, 135 AD2d 502). Moreover, while a landlord may not delegate its duty to keep its premises in a safe condition with regard to third parties, Terminus was free to contract with its tenant, Cohen's, to maintain and repair the premises, and to allocate the risk of liability to third parties by the procurement of liability insurance for their mutual benefit *(Schumacher v Lutheran Community Servs.*, 177 AD2d 568).

When one sophisticated commercial entity agrees to indemnify another through the employment of insurance, that agreement is enforceable. *(Kinney v Lisk Co.*, 76 NY2d 215.) The penalty for breaching this agreement to procure such insurance is to be liable for all resulting damages. Those damages include costs of defending a third-party suit. *(Roblee v Corning Community Coll.*, 134 AD2d 803.) Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.