■ THEODORE ROWLAND et al., Plaintiffs, v 1306 REALTY ASSOCIATED et al., Defendants, SYNCHRO CONSTRUCTION CORPORATION, Respondent, and GELB & SONS ELECTRICAL Co., Appellant. [598 NYS2d 53] —In an action to recover damages for personal injuries, the defendant Gelb & Sons Electrical Co. appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated March 6, 1991, which granted the motion of the defendant Synchro Construction Corporation for summary judgment on its cross claim to recover damages for breach of contract and denied its motion to compel discovery.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant-respondent's motion for summary judgment. The defendant-appellant did not deny that it failed to comply with the provision of

the contract requiring it to obtain liability insurance naming the defendant-respondent as the insured. The defendant-appellant is therefore liable to indemnify the defendant-respondent for any payments made by the latter to the plaintiffs in this action *(see, Kinney v Lisk Co.,* 76 NY2d 215).

The provision of the contract reserving the defendant-respondent's right to procure liability insurance at the defendant-appellant's expense should not be read as imposing a duty on the defendant-respondent to do so, since such would be inconsistent with the clear language of the contract *(see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555). Moreover, contrary to the defendant-appellant's contentions, the defendant-respondent was under no duty to mitigate damages by procuring such insurance *(cf., Tynan Incinerator Co. v International Fid. Ins. Co.,* 117 AD2d 796, 797-798). In addition, the defendant-appellant's allegations that the defendant-respondent waived its rights under the contract were unsubstantiated and speculative and therefore were insufficient to require the denial of the defendant-respondent's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Jones v Gameray,* 153 AD2d 550, 551; *Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670). Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.