■ CLYDE SPENCER et al., Respondents, v B.A. PAINTING CO., B & F ABRAMOWITZ, INC., Appellant and Third-Party Plaintiff-Appellant. BLOOMINGDALE'S, INC., Third-Party Defendant-Respondent. [638 NYS2d 37] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered May 28, 1995, which granted third-party defendant Bloomingdale's, Inc.'s motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

Since third-party plaintiff B.A. does not deny that it failed to maintain a policy of insurance naming Bloomingdale's as an insured, which we find it was obligated to do pursuant to the work contract between the parties, B.A. was liable for any damages flowing from its breach of contract, including liability for plaintiff's injury (*Morel v City of New York*, 192 AD2d 428, 429).

Because insurance procurement clauses are entirely independent of indemnification provisions (*see, Kinney v Lisk Co.*, 76 NY2d 215, 218), the determination with respect to liability for the contract breach need not await a final determination as to the underlying liability for personal injury (*Mathew v Crow Constr. Co.*, 220 AD2d 490, 491; *see also, Roblee v Corning Community Coll.*, 134 AD2d 803, *lv denied* 72 NY2d 803).

We have considered appellant's other contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.