■ 206 EAST 95TH STREET ASSOCIATES, Also Known as 206 EAST 95TH STREET REALTY CORP., et al., Plaintiffs, v INSURANCE COMPANY OF STATE OF PENNSYLVANIA et al., Defendants, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Appellant-Respondent, and M&A PLUMBING, Respondent-Appellant. [650 NYS2d 163] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 20, 1995, which granted defendant Tishman summary judgment and ordered defendant M&A to indemnify defendant Tishman for any judgment that may be obtained against it in the underlying litigation to a maximum of $5,000,000, unanimously modified, on the law, to the extent of also directing defendant M&A to provide a defense to defendant Tishman, and otherwise affirmed, without costs.

The subject language, even if drafted inartfully, does not create an ambiguity, since the parties' intent is discernable (*see, Calce v Futterman*, 197 AD2d 490, *lv denied* 83 NY2d 755). Nor can the insurance rider reasonably "be parsed in two different, equally logical ways" (*Delaware Otsego Corp. v Niagara Fire Ins. Co.*, 192 AD2d 911, 912, *lv dismissed* 82 NY2d 705). A "determination with respect to liability for the contract breach need not await a final determination as to the underlying liability" (*Spencer v B.A. Painting Co.*, 224 AD2d 307). Further, "[t]he penalty for breaching this agreement to procure such insurance is to be liable for all resulting damages", and such "damages include costs of defending a third-party suit" (*Morel v City of New York*, 192 AD2d 428, 429). We have considered defendant M&A Plumbing's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.