■ ASSEN ZLATAROV, Plaintiff, v RICHARDSON & LUCAS, INC., et al., Defendants, DJM CONTRACTING CORPORATION, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. GLOBAL II CONSTRUCTION CORP., Third-Party Defendant-Respondent. [657 NYS2d 905] —In an action to recover damages for personal injuries, the defendant third-party plaintiff DJM Contracting Corporation appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated May 14, 1996, as denied its motion for partial summary judgment on the fifth cause of action asserted in its third-party complaint against the third-party defendant Global II Construction Corp.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant third-party plaintiff DJM Contracting

Corporation (hereinafter DJM) moved for summary judgment against the third-party defendant Global II Construction Corp. (hereinafter Global) on the fifth cause of action asserted in its amended verified third-party complaint, which alleged that Global breached a contractual obligation to DJM to procure liability insurance in its favor, naming it as an additional insured *(see, Kinney v Lisk Co.,* 76 NY2d 215; *Rowland v 1306 Realty Associated,* 193 AD2d 726; *Morel v City of New York,* 192 AD2d 428; *Roblee v Corning Community Coll.,* 134 AD2d 803). DJM argued that because of the breach, the court should order Global to defend and indemnify it in the underlying action *(see, Kinney v Lisk Co., supra; Rowland v 1306 Realty Associated, supra; Morel v City of New York, supra; Roblee v Corning Community Coll., supra).* However, DJM failed to proffer the alleged contract to procure insurance, or any other competent proof of its relevant provisions, in support of its motion for partial summary judgment. Accordingly, its motion was properly denied. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.