■ Gerald J. Lenze et al., Plaintiffs, v Lehrer McGovern & Bovis, Inc., et al., Respondents, and G&G Concrete, Inc., Appellant, et al., Defendant. Lehrer McGovern & Bovis, Inc., et al., Third-Party Plaintiffs-Respondents, and G&G Concrete, Inc., Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiff, v Earl B. Lowell et al., Third-Party Defendants. [665 NYS2d 899] —Judgment, Supreme Court, New York County (Leland DeGrasse, J., and a jury), entered September 16, 1996, *inter alia*, awarding defendant Lehrer McGovern & Bovis, Inc. and New York Foundling Charitable Corp. the sum of $88,391.29 against defendant G&G Concrete, Inc., and bringing up for review an order of the same court (Joan Lobis, J.), entered February 18, 1993, which granted said defendants' motion for partial summary judgment, unanimously affirmed, without costs.

G&G Concrete, Inc.'s admitted failure to procure additional insured coverage pursuant to its contract entitled the general contractor, Lehrer McGovern & Bovis, Inc., to indemnification with respect to damages for plaintiff's injuries regardless of which party was culpable (*Roblee v Corning Community Coll.*, 134 AD2d 803, *lv denied* 72 NY2d 803; *206 E. 95th St. Assocs. v Insurance Co.*, 234 AD2d 21). It was therefore immaterial on the motion for partial summary judgment whether the proof of G&G's involvement in removing the temporary wood treads from the step where plaintiff was injured qualified as a business record. G&G's contention that Lehrer waived its right to indemnification for the costs of its defense is unsupported by the record. Concur—Ellerin, J. P., Nardelli, Williams, Andrias and Colabella, JJ.