■ Zachary Woodson, an Infant, by Tracy Woodson, His Mother and Natural Guardian, et al., Plaintiffs, v American Transit Insurance Company, Defendant, and Allstate Insurance Company et al., Respondents. (Action No. 1.) Tracy Woodson, as Receiver of John Densby, Respondent, v Mendon Leasing Corp., Appellant, et al., Defendants. (Action No. 2.) [739 NYS2d 34] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 25, 2000, which, in an action for, inter alia, breach of contract to provide a defense in an underlying personal injury action, insofar as appealed from, denied defendant-appellant's motion to dismiss the complaint as against it for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff, receiver of the judgment debtor in an underlying personal injury action involving an automobile accident in which plaintiff's infant child was injured, seeks to recover the unpaid balance of the underlying judgment as against, among others, defendant-appellant Mendon Leasing Corp., the lessor of a truck involved in the accident leased to and driven by the judgment debtor. While there is no dispute that appellant obtained an insurance policy covering the lessee, as was required by the truck rental agreement, the gravamen of plaintiff's claim is that appellant's failure to timely notify the insurance carrier of the claim against its lessee, or to provide the lessee with a defense, resulted in a default judgment against the lessee in excess of the insurance policy limits. This states a claim for damages caused the lessee by appellant's breach of its obligation to defend the lessee (cf., Morel v City of New York, 192 AD2d 428, 429). Contrary to appellant's claim, the record does not establish that the carrier was given timely notice of the claim against the lessee. The carrier's representation, made in opposition to the motion in the underlying action for a default judgment against the lessee, that the reason it did not interpose an answer on behalf of the lessee was because he was not properly served, does not resolve issues as to when the carrier first became aware of its obligation to defend the lessee, and whether such awareness came in time to avoid the default judgment that was entered against the lessee. Concur—Mazzarelli, J.P., Ellerin, Rubin and Marlow, JJ.