■ BORUCH KLEIN et al., Respondents, v DAVID DASKAL et al., Appellants.—In an action, *inter alia,* to recover damages for fraud and money had and received, defendants appeal from (1) an order of the Supreme Court, Kings County (Rader,

J.), dated July 19, 1984, which granted plaintiffs' motion to disqualify their trial attorney, and (2) a further order of the same court, dated September 14, 1984, which denied their motion for reargument.

Appeal from the order dated September 14, 1984 dismissed, without costs or disbursements. No appeal lies from an order denying reargument.

Order dated July 19, 1984 reversed, on the law, without costs or disbursements, and motion to disqualify defendants' trial attorney denied.

In July of 1980, plaintiffs commenced this action against the defendants in connection with their alleged business dealings. Defendants appeared in the action by an attorney, Reuben Blum, who had coincidentally represented the individual plaintiff's wife in an unrelated action for an accounting some years earlier. In July of 1984, plaintiffs moved, somewhat belatedly, to disqualify Mr. Blum on the ground that his former representation rendered his representation of defendants improper. Ironically, it was the individual defendant's recommendation of Mr. Blum to the individual plaintiff which resulted in the prior employment. Defendants appeared in opposition to that motion and alleged, in response, that it was plaintiffs' acquisition of a new attorney by the name of Stephen Norman Weiss which constituted the greater impropriety, as Weiss had recently represented the individual defendant's former wife in a divorce action against the individual defendant. As has already been indicated, Special Term (Rader, J.) acted to disqualify defendants' attorney in the matter now pending and subsequently denied their application for reargument. These appeals followed.

We reverse.

The record herein is wholly devoid of any evidence that defendants' attorney ever acted in a professional capacity for his present adversary's clients or had access to any confidential or privileged information regarding their business dealings. Accordingly, we perceive no sound basis for disqualifying that attorney at this late date from acting in his present capacity in the case at bar (*cf. Greene v Greene*, 47 NY2d 447).

No other issue has been tendered for our review. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.