■ LONG ISLAND LIGHTING COMPANY et al., Respondents-Appellants, v AMERICAN EMPLOYERS INSURANCE COMPANY, Appellant-Respondent, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the plaintiffs are covered as additional insureds under the comprehensive general liability policy purchased from the defendant American Employers Insurance Company (hereinafter American Employers) by Cablevision Systems Development Company (hereinafter Cablevision) and that pursuant to that coverage the plaintiffs are entitled to a defense and indemnification from American Employers in an underlying personal injury action entitled *Guy v Long Is. Light. Co.,* American Employers appeals from (1) an order of the Supreme Court, Nassau County (Winick, J.), dated January 8, 1986, which granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment, and (2) so much of an order of the same court, dated May 8, 1986, as denied its cross motion for leave to "reargue or renew", but which was in effect to reargue the prior motion and cross motion for summary judgment, and the plaintiffs cross-appeal, as limited by their brief, (1) from so much of the order dated January 8, 1986, as declared that American Employers' duty to indemnify the plaintiffs in the underlying personal injury action is restricted to any judgment rendered against the plaintiffs "by reason of being held liable for the acts or omission of Cablevision Systems or its employees", and (2) from so much of the order dated May 8, 1986, as denied their motion for leave to reargue their prior motion for summary judgment.

Ordered that the appeal and cross appeal from the order dated May 8, 1986, are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument, and it is further,

Ordered that the order dated January 8, 1986, is reversed insofar as cross-appealed from, on the law, without costs or disbursements, and the words "by reason of being held liable for the acts or omissions of Cablevision Systems or its employees" are deleted from clause "(3)" of the decretal paragraph thereof; and it is further,

Ordered that the order dated January 8, 1986, is affirmed insofar as appealed from, without costs or disbursements.

Although American Employers designated its motion as one for "reargument or renewal", the motion alleged no new or additional facts which were not before the Supreme Court, Nassau County, on the prior motion. Therefore, its motion was in fact a motion to reargue *(see, Ginsberg v Ginsberg,* 104 AD2d 482; *Alessi v County of Nassau,* 100 AD2d 561, 562). The plaintiffs' motion was specifically designated as one for reargument. No appeal lies from the denial of reargument *(Klein v Daskal,* 112 AD2d 268, 269; *Ginsberg v Ginsberg, supra).*

There was no reason in this case for the Supreme Court, Nassau County, to address the validity of the indemnity clauses in the pole attachment agreements between the plaintiffs and Cablevision, since, even if these clauses were void as against public policy or by reason of statute, and Cablevision had no obligation to purchase insurance which would cover the plaintiffs as additional insureds for liability arising as a result of work done pursuant to the pole attachment agreements, the fact remains that Cablevision did procure such a policy from American Employers. There is no evidence in the record which indicates that American Employers issued this policy involuntarily, or without the full knowledge and understanding, as expressed in the certificates of insurance, that it would be obligated to indemnify the plaintiffs against liability arising out of any claim for personal injuries resulting from the "erection, maintenance, presence use or removal of Cablevision's attachments" to the plaintiffs' utility poles.

Thus, American Employers' duty to pay any judgment rendered against the plaintiffs in the underlying personal injury action is enforceable, regardless of whether or not the reason for which the plaintiffs are held liable is their own negligence or that of Cablevision *(see, Sentry Ins. Co. v National Steel Corp.,* 147 Mich App 214, 382 NW2d 753, 756-757;

*cf., Austro v Niagara Mohawk Power Corp.,* 66 NY2d 674, 676; *Board of Educ. v Valden Assocs.,* 46 NY2d 653, 657; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 161; *Long Is. R. R. Co. v Interboro Mut. Indem. Ins. Co.,* 84 AD2d 809). Accordingly, the order dated January 8, 1986, must be reversed insofar as cross-appealed from by the plaintiffs to reflect American Employers' unconditional obligation to indemnify the plaintiffs in the underlying action. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.