■ MILTON L. ROBLEE et al., Plaintiffs, v CORNING COMMUNITY COLLEGE, Respondent, and DERU FOOD MANGAGEMENT SERVICES, INC., Appellant.—Levine, J. Appeal from an order of the Supreme Court (Ellison, J.), entered February 26, 1987 in Schuyler County, which granted defendant Corning Community College's motion for partial summary judgment against defendant Deru Food Management Services, Inc.

Pursuant to bid specifications prepared by defendant Corning Community College (the college), defendant Deru Food Management Services, Inc. (Deru) submitted a bid and was awarded a one-year exclusive contract to provide student meal service and to cater social functions at the college. The bid specifications, which were incorporated into the contract by reference, required Deru to obtain and keep in effect various kinds of insurance, including comprehensive general liability

coverage in the amount of $500,000 per occurrence. The specifications also stipulated that Deru was to have the college named as an additional insured party under the policies. It is uncontested that Deru obtained the policies required by the contract, but failed to have the college included therein as an additional insured.

During the term of the parties' agreement, a local high school alumni reunion dinner was held at the college, which Deru catered. College staff set up the tables for the dinner. An hors d'oeuvre table was positioned near a fireplace pit in the dining room. Plaintiff Milton L. Roblee, who was attending the event, stepped around the hors d'oeuvre table and fell into the fireplace pit, sustaining a fractured hip and other injuries. He and his wife sued the college and Deru for their alleged negligence in positioning the table and their failure to warn or otherwise guard against the danger of falling into the depressed area. After joinder of issue and pretrial discovery, the college moved for partial summary judgment establishing Deru's breach of contract in failing to have the college named as an additional insured under Deru's general liability policy, and imposing liability for all sums the college may be obligated to pay plaintiffs and all costs of providing a defense to plaintiff's suit. Supreme Court granted the motion and this appeal by Deru ensued.

In urging reversal, Deru argues essentially that the contract provision should be read as only requiring Deru to provide insurance coverage for the college for any *vicarious* liability which might be imposed on the basis of Deru's negligence. Deru further contends that Supreme Court's order has the effect of converting the contract term into a promise to indemnify the college for its own negligence, a disfavored result which is only enforced if there is an unmistakable intent of the parties to that effect, which has not been shown here *(see, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 159).

We disagree. A contract to procure or provide insurance coverage is clearly distinct from and treated differently than an agreement to indemnify *(see, Grant v United States,* 271 F2d 651, 655-656; *Alyeska Pipeline Serv. Co. v Price,* 649 P2d 782, 785 [Alaska]; *Robinson v Janay,* 253 A2d 816, 820 [NJ]). It is equally clear that, had Deru performed its obligation to have the college named as an additional insured in Deru's liability policy, the college's coverage would have extended to all liability arising out of food-serving activities contemplated by the agreement, including liability based upon the college's

own acts of negligence *(see, Long Is. Light. Co. v American Employers Ins. Co.,* 131 AD2d 733; *Long Is. R. R. Co. v Interboro Mut. Indem. Ins. Co.,* 84 AD2d 809). There is simply no warrant in the contract language or elsewhere for the interpretation urged by Deru that the coverage intended was limited to the college's liability for the negligent acts of Deru. Indeed, if the only purpose of the insurance requirements of the agreement was to protect the college from vicarious liability for Deru's negligence, the college would have been sufficiently protected by the provision requiring Deru to obtain its own insurance coverage, without further requiring that the college be included in Deru's policy as a named insured.

Since Deru breached its agreement to procure general liability coverage for the college, it is liable for the college's resultant damages, i.e., its payments in discharge of liability to injured third persons to the extent of the required policy limits and the costs of defending a suit which would have been defended by the insurer under such a policy *(see, Broquedis v Employers Mut. Liab. Ins. Co.,* 45 AD2d 591, 596; *see also, Robinson v Janay, supra,* at 819-820). Accordingly, Supreme Court's grant of partial summary judgment should in all respects be upheld.

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.