■ FAY'S DRUG COMPANY, INC., Respondent, v BRITISH AMERICAN DEVELOPMENT CORPORATION, Appellant. (And a Third-Party Action.)—Casey, J.

Plaintiff, as tenant of a store in defendant's shopping mall, seeks a declaration of the parties' rights and responsibilities under their lease agreement as it relates to a separate action commenced against the parties by a third person, Lucille A. Salerno, who was seeking to recover damages for injuries sustained in a slip and fall on a sidewalk in the vicinity of the

entrance to plaintiff's store. Defendant contends that Supreme Court erred in granting plaintiff's motion for summary judgment and declaring that defendant must defend and indemnify plaintiff in the Salerno action.

The lease agreement contains provisions concerning indemnification and the procurement of insurance. Since these provisions create separate and distinct rights and responsibilities *(see, Roblee v Corning Community Coll.,* 134 AD2d 803), we will consider each provision separately. The provision concerning indemnification, labeled "LIABILITY", contains two separate paragraphs which read as follows:

"(a) Tenant shall defend, indemnify and hold Landlord harmless from any and all damages, costs, expenses and liability which either (i) arise from or are in connection with the use, occupancy or repair by Tenant of the Demised Premises, (ii) arise from or are in connection with any act or omission of Tenant, Tenant's agents or employee's *[sic];* or (iii) result from the negligence of Tenant.

"(b) Landlord shall defend, indemnify and hold Tenant harmless from any and all damages, costs, expenses and liability which either (i) arise from or in connection with the use, control or repair by Landlord of the Common Area; (ii) arise from or are in connection with any act or omission by Landlord, Landlord's agents or employees in connection with the Common Area; or (iii) result from the negligence of Landlord's agents or employees or failure on Landlord's part to comply with any of the covenants, terms or conditions of this Lease."

Since the complaint in the Salerno action alleges that the slip and fall occurred on a sidewalk in the common area, where defendant has exclusive control pursuant to the lease agreement, plaintiff contends that defendant must defend and indemnify under paragraph (b) (i) quoted above. The complaint in the Salerno action, however, seeks to impose liability on plaintiff for plaintiff's negligence. Thus, plaintiff seeks indemnification for its own negligence, and it is the general rule that an agreement between two sophisticated business entities will be construed as intending indemnification of a party for its own negligence where the agreement "connotes an 'intention to indemnify [which] can be clearly implied from the language and purposes of the entire agreement' " *(Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 159, quoting *Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153). Considered in its context within the provision labeled "LIABILITY", paragraph (b) (i) does not fall within this general rule. The agreement

provides in paragraph (a) (iii) quoted above that plaintiff "shall defend, indemnify and hold [defendant] harmless from any and all damages, costs, expenses and liability which * * * result from the negligence of [plaintiff]". Since plaintiff agreed to indemnify defendant for plaintiff's own negligence, with no qualification or limitation in regard to location, the agreement does not clearly imply an intention that defendant indemnify plaintiff for plaintiff's own negligence merely because the event allegedly occurred in the common area of defendant's shopping mall. Rather, as we read the lease agreement, the parties have agreed that in such circumstances, each party shall be responsible for its own share of the liability.

Turning to the insurance provision, each party agreed, in separate clauses, to maintain for the mutual benefit of the parties personal injury insurance against claims for bodily injury, with certain dollar limits. Plaintiff agreed to provide such insurance coverage on the "demised premises" (i.e., plaintiff's store), and defendant agreed to provide such coverage on the common area. Since the bodily injury accident alleged in the Salerno complaint occurred on the sidewalk outside plaintiff's store, it occurred on the common area where defendant was obligated to maintain personal injury liability insurance for the benefit of both plaintiff and defendant. Subsequent to the entry of Supreme Court's order and judgment herein, defendant's insurer agreed to provide a defense on behalf of plaintiff in the Salerno action. In view of this development, we see no need for prospective declaratory relief; plaintiff will receive the defense to which it is entitled under the insurance provision of the lease agreement and any declaration concerning the rights of the parties in the event of a judgment against them in the Salerno action is premature and speculative. As found by Supreme Court, however, plaintiff is entitled to recover from defendant, under the insurance provision of the lease agreement, its costs and expenses of defending itself in the Salerno action up until the point at which defendant's insurer assumed that responsibility.

Order and judgment modified, on the law, without costs, by deleting the second decretal paragraph thereof and by amending the third decretal paragraph to limit the damages referred to therein to the actual costs and expenses incurred by plaintiff in its defense of the action commenced by Lucille A. Salerno prior to the assumption of that defense by defendant's insurer, and, as so modified, affirmed. Mahoney, P. J., Kane and Casey, JJ., concur.

Levine and Mercure, JJ., concur in part and dissent in part

in a memorandum by Levine, J. Levine, J. (concurring in part and dissenting in part). We respectfully dissent from so much of the majority's decision that declined to determine the issue of defendant's liability regarding its obligation under the lease to provide liability insurance coverage for plaintiff of not less than $300,000 on claims for personal injuries occurring on the common area in defendant's shopping mall. Defendant failed to contradict plaintiff's factual averments that no such insurance coverage for plaintiff was obtained by defendant, in breach of this provision of the lease. Under *Roblee v Corning Community Coll.* (134 AD2d 803), defendant would be liable to plaintiff for damages flowing from the breach, including any payments by plaintiff in discharge of liability to persons injured on the common area, to the extent of the policy limits required under the lease. Moreover, plaintiff would have the right to recover such damages irrespective of whether its liability in the Salerno action arose out of its own negligence *(supra).*

The sole basis advanced by the majority for refusing to declare such liability of defendant for failing to provide the promised insurance coverage is that, since no judgment has yet been rendered in the Salerno action, a determination on defendant's liability to plaintiff in the event that plaintiff were called upon to pay such a judgment would be premature and speculative. In our view, this issue is nonetheless ripe for adjudication. Clearly, a present controversy as to the rights of the parties exists by reason of the commencement of the Salerno suit. The matter at issue is the legal effect of the insurance provision of the lease, which will not arise in or be affected by the outcome of the pending Salerno negligence action. When this is so, the mere fact that the promisor may ultimately be exonerated in the underlying negligence action, thereby mooting the question of liability over, is insufficient to bar declaratory relief *(see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383, *lv denied* 44 NY2d 646; *see also, MVAIC v National Grange Mut. Ins. Co.,* 19 NY2d 115, 117; *State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, 517-518, *affd* 65 NY2d 369; *cf., Cutro v Sheehan Agency,* 96 AD2d 669). This distinguishes the instant case from those in which declaratory relief as to an insurer's duty to indemnify an insured was denied, because indemnification was contingent upon and had to await resolution of the *nature* of the insured's liability in the underlying negligence action by the third party *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 401-402; *Prashker v United States Guar. Co.,* 1 NY2d 584, 590-592).

A declaration of defendant's responsibility for damages to the extent of the policy limits specified in the insurance provision of the lease, in the event there is a recovery in the Salerno action against plaintiff, would aid the parties in the conduct of that lawsuit and eliminate potential future litigation. Therefore, this case is appropriate for the exercise of judicial discretion in granting declaratory relief. "The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present *or prospective* obligations" *(Board of Coop. Educ. Servs. v Goldin,* 38 AD2d 267, 271, *lv denied* 30 NY2d 486 [emphasis supplied]).

Therefore, we would further modify the judgment by further amending the third decretal paragraph to declare that defendant is liable to plaintiff for any and all payments by plaintiff in discharge of liability in the action commenced by Lucille A. Salerno, not exceeding $300,000.