OPINION OF THE COURT
Louis B. York, J.
These are two actions which have been joined together by the Supreme Court which referred them to the Civil Court pursuant to CPLR 325 (d) for discovery and trial.
The plaintiffs are suing for damages to their terraces. They have sued members of the board of directors, the cooperative corporation and the contractor who worked on the premises.
This motion seeks summary judgment on the cross claim of *85 the defendant board members and the cooperative corporation based on the contract of repair with the defendant contractor. They argue that under their agreement with the contractor, it promised to hold the cooperative corporation harmless from any claims arising out of their work. Moreover, these defendants state that the failure of the defendant contractor to procure insurance for such a liability, as required by the contract, also makes it liable to these defendants.
The motion for summary judgment is denied. Under CPLR 3212 (b) "the motion [for summary judgment] shall be denied if any party shall show facts sufficient to require a trial of any issue of fact.” In interpreting this clause, courts have held that such a motion would be granted where there are no genuine issues of material fact to be resolved at trial. (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338 [1974].) Opposition to such a motion must produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact. (Zuckerman v City of New York, 49 NY2d 557 [1980].)
In this case there is one glaring undecided material issue of fact which prevents the granting of summary judgment. The defendant-cross claimants’ liability has not been determined. This motion is, therefore, not ripe for adjudication and will not be until it is determined, if it ever is, that the cross claimants-movants are liable for this money. Neither of the Court of Appeals cases cited by the movants is to the contrary since they held in favor of the claimant after trial. (See, Hogeland v Sibley, Lindsay & Curr, 42 NY2d 153 [1977]; Kinney v Lisk Co., 76 NY2d 215 [1990].)
The court is aware that the Third Department stance has been to award summary judgment in identical situations. (Fay’s Drug Co. v British Am. Dev. Corp., 140 AD2d 810 [3d Dept 1988]; Roblee v Corning Community Coll., 134 AD2d 803 [3d Dept 1987].) However, the Court of Appeals has not announced such a position; neither has the First Department nor the contiguous Second Department. This court elects to take the position that it should not render a decision on this motion until it is ripe for adjudication. (See, Siegel, NY Prac §§ 136, 612 [2d ed].) If the plaintiffs do not prevail against the defendants-cross claimants, then they will have no claim over against the defendant contractor. This decision diminishes the work of courts and litigants by eliminating these types of motions until the cross claimants are found liable. In this case this condition has not been satisfied.