■ JOSEPH DAROWSKI, Respondent, v HIGH MEADOW COOPER-ATIVE No. 1 et al., Defendants and Third-Party Plaintiffs-Respondents. ASBESTOS INDUSTRIES OF AMERICA, INC., Third-Party Defendant-Appellant. [657 NYS2d 457] —In an action to recover damages for personal injuries, the third-party defendant Asbestos Industries of America, Inc., appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Feinberg, J.), dated April 25, 1995, which, *inter alia*, upon, in effect, vacating a prior order of the same court dated December 19, 1994, and upon granting its motion to renew and reargue (1) its motion, among other things, to compel further discovery, and (2) the defendants third-party plaintiffs' cross motion for summary judgment declaring that the third-party defendant had a duty to defend and indemnify them with respect to any judgment recovered by the plaintiff against them, (a) denied that branch of the third-party defendant's motion which was to compel depositions, and (b) granted the defendants third-party plaintiffs' cross motion for summary judgment, and made the declaration.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the appellant's motion which was to compel the defendants third-party plaintiffs to submit to a deposition and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Joseph Darowski, commenced this action to recover damages for personal injuries sustained while performing asbestos removal work for his employer, the third-party defendant Asbestos Industries of America, Inc. (hereinafter AIA), at a building owned by the defendant third-party plaintiff High Meadow Cooperative No. 1, and managed by the defendant third-party plaintiff Anker Management Corporation (hereinafter collectively High Meadow and Anker). The plaintiff alleged that his injuries were caused by the negligence of High Meadow and Anker and that they were vicariously liable for any negligence of AIA. High Meadow and Anker subsequently commenced a third-party action seeking defense and indemnification from AIA pursuant to the provisions of the asbestos removal and reinsulation contract between AIA and High Meadow. Thereafter, AIA moved to strike both the plaintiff's complaint and the third-party complaint due to the failure of the plaintiff and High Meadow and Anker to engage in

discovery, or, alternatively, for an order compelling further depositions. High Meadow and Anker cross moved for summary judgment in the third-party action seeking a declaration that AIA, pursuant to the terms of the contract, had a duty to defend them in the main personal injury action, and to indemnify them with respect to any judgment that the plaintiff recovered against them. On December 19, 1994, due to nonappearance of AIA on the return date of the motion and cross motion, the court granted the cross motion of High Meadow and Anker for summary judgment, and denied the motion of AIA. AIA then moved to vacate the order dated December 19, 1994, and to renew and reargue the motion and cross motion. The court, in effect, granted the motion to vacate and to renew and reargue, and upon renewal and reargument, *inter alia,* denied that branch of the motion of AIA which was to compel depositions, and granted the cross motion of High Meadow and Anker for summary judgment in the third-party action.

Contrary to the contention of AIA, the court properly granted the cross motion of High Meadow and Anker for summary judgment in the third-party action. Agreements to purchase and maintain insurance, such as contained in the contract here, are valid and enforceable *(see, Kinney v Lisk Co.,* 76 NY2d 215; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568, 569). The moving papers sufficiently established that AIA failed to procure liability insurance naming High Meadow and Anker as additional insureds. Due to this breach of the agreement, High Meadow and Anker are entitled to recover damages from AIA resulting from the breach, including a defense in the underlying personal injury action, indemnification for their liability to the plaintiff, if any, and the costs they incurred in defending the plaintiff's action to date *(see, Kinney v Lisk Co., supra,* at 219; *DiMuro v Town of Babylon,* 210 AD2d 373, 374; *Roblee v Corning Community Coll.,* 134 AD2d 803, 805).

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third parties to sue an employer for contribution or indemnification based on liability for injuries sustained by an employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment *(see,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7).

With regard to the motion of AIA to compel further deposi-

tions of the plaintiff and representatives of High Meadow and Anker, the court did not improvidently exercise its discretion in denying the request to depose the plaintiff, since the AIA was given sufficient notice of the plaintiff's deposition and had ample opportunity to obtain the plaintiff's medical records before the deposition was held. However, the court improvidently exercised its discretion in denying the request to depose representatives of High Meadow and Anker, since AIA was only notified one day in advance of the deposition, and, as a result, counsel for AIA was unable to attend.

AIA's remaining contentions are without merit. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.