◼ NEIL BACHROW et al., Respondents, v TURNER CONSTRUCTION CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. LOWY & DONNATH, INC., Third-Party Defendant-Appellant. [848 NYS2d 86]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered August 2, 2006, which in a third-party action by a construction site's owner and general contractor (collectively Turner) against plaintiff injured construction worker's employer (Lowy), insofar as appealed from as limited by the briefs, granted Turner's motion for summary judgment on its second cause of action for breach of contract to procure insurance, and denied Lowy's cross motion to sever such cause of action and consolidate it with an action commenced by Turner against Lowy's general liability insurer (U.S. Fire) for a declaration that U.S. Fire is obligated to defend and indemnify Turner in this action, unanimously reversed, on the law and the facts, without costs, Turner's motion for summary judgment on the second cause of action denied, and such cause of action severed and consolidated with the declaratory judgment action.

The motion court correctly held that the subcontract between Turner and Lowy required Lowy to procure insurance covering Turner for all liabilities arising out of Lowy's work, including liabilities resulting from Turner's own acts of negligence; that the insurance Lowy procured limited Turner's coverage to liabilities caused by Lowy's negligent acts or omissions; and that Lowy therefore breached the subcontract (see Kinney v Lisk Co., 76 NY2d 215, 218-219 [1990], citing, inter alia, Roblee v Corning Community Coll., 134 AD2d 803 [1987], lv denied 72 NY2d 803 [1988]). Nor is there any evidence that Turner ratified the insurance Lowy procured. Accordingly, Turner is entitled to recover any losses caused by this breach of contract, including its liability to plaintiff and costs of defending this action (see Kinney at 219; Roblee at 805). Nevertheless, the motion court's grant of summary judgment was premature, as it has yet to be determined that Lowy's failure to procure the agreed-upon insurance caused Turner any losses. Such causal relationship would be lacking in the event the declaratory judgment action determines that U.S. Fire was not given timely notice of the claim (see US Pack Network Corp. v Travelers Prop. Cas., 42 AD3d 330 [2007]). Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.