TOWN OF HEMPSTEAD, Appellant, v EAST COAST RESOURCE GROUP, LLC, Respondent. [889 NYS2d 88]—

In an action to recover damages for personal injuries and wrongful death, the Town of Hempstead appeals from a judgment of the Supreme Court, Nassau County (Spinola, J.), dated April 1, 2008, which, upon an order of the same court (McCormack, J.), dated July 10, 2007, inter alia, denying its motion for summary judgment on its cause of action (formerly a cross claim) against the defendant, East Coast Resource Group, LLC, to recover damages for breach of an insurance procurement provision, and upon a jury verdict, is in favor of the defendant, East Coast Resource Group, LLC, dismissing its cause of action.

Ordered that the judgment is reversed, on the law, with costs, the cause of action of the Town of Hempstead against the defendant, East Coast Resource Group, LLC, to recover damages for breach of an insurance procurement provision is reinstated, the Town of Hempstead's motion for summary judgment on the cause of action is granted, and the order dated July 10, 2007, is modified accordingly.

On November 21, 2005, 37-year-old Martin J. Alduino was killed when he was struck by a "pay loader" which an employee of the Town of Hempstead (hereinafter the Town) was operating at an agricultural waste transfer station in Oceanside, New York. The pay loader was pushing landscaping waste into a collection area, to be loaded into tractor trailers supplied and operated by the East Coast Resource Group, LLC (hereinafter East Coast), pursuant to a waste hauling agreement with the Town (hereinafter the agreement).

Kimberly Alduino, as administratrix of Alduino's estate, and individually, commenced this action to recover damages for personal injuries and wrongful death against the Town, East Coast, and the operator of the pay loader. The Town asserted, inter alia, a cross claim against East Coast to recover damages for breach of a provision to procure insurance in the Town's own name, as an additional insured under East Coast's policy (hereinafter the provision).

By order dated July 10, 2007, the Supreme Court, inter alia, denied the Town's motion for summary judgment on the cross claim. The court found that issues of fact existed as to whether the Town's alleged negligence in connection with the subject accident arose from activities which were contemplated under the agreement. Alduino's claims were settled and the caption of the action was amended to reflect that the Town's cross claim against East Coast was converted into a cause of action, and the Town is the plaintiff and East Coast is the defendant. After a trial, the jury found that the accident did not arise out of an activity contemplated under the agreement.

"Agreements to purchase and maintain insurance, . . . are valid and enforceable" (*Darowski v High Meadow Coop. No. 1,* 239 AD2d 541, 542 [1997], citing *Kinney v Lisk Co.,* 76 NY2d 215 [1990]; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568, 569 [1991]). A contractor may properly obtain insurance to insure an owner against its own acts of negligence, in contrast to an indemnification provision, which insures an owner against the imposition of vicarious liability based on another party's negligence (*see Kinney v Lisk Co.,* 76 NY2d at 215; *McGill v Polytechnic Univ.,* 235 AD2d 400 [1997]).

The Town established its prima facie showing of entitlement to summary judgment by demonstrating that East Coast failed to satisfy a contractual obligation to obtain insurance in the Town's name as an additional insured (*see Tkacs v Dominion Constr. Corp.,* 278 AD2d 486 [2000]; *McGill v Polytechnic Univ.,* 235 AD2d 400 [1997]; *Keelan v Sivan,* 234 AD2d 516, 517 [1996]; *Roblee v Corning Community Coll.,* 134 AD2d 803 [1987]).

East Coast failed to raise a triable issue of fact in opposition to the Town's prima facie showing. Unlike the separate indemnity provision which the agreement also contained, the insurance procurement provision did not limit East Coast's obligation to procure insurance for the Town to claims "which might arise in connection with th[e] Agreement" (*cf. Watters v R.D. Branch Assoc., LP,* 30 AD3d 408 [2006]; *Taylor v Doral Inn,* 293 AD2d 524 [2002]). Accordingly, the judgment must be reversed and the Town's motion for summary judgment on the cause of action must be granted.

The Town's remaining contention is academic. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.