City of New York v Evanston Ins. Co. (2018 NY Slip Op 07088)





City of New York v Evanston Ins. Co.


2018 NY Slip Op 07088


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-11298
 (Index No. 3476/11)

[*1]City of New York, appellant-respondent, 
v
Evanston Insurance Company, et al., defendants, Beckie Realty Co., et al., respondents-appellants.


Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Julie Steiner of counsel), for appellant-respondent.
Tannenbaum Helpern Syracuse & Hirschtritt, LLP, New York, NY (Vincent J. Syracuse and Carl F. Regelmann of counsel), and Meister Seelig & Fein, LLP, New York, NY (Howard S. Koh and Adam B. Oppenheim of counsel), for respondents-appellants (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, and the defendants Beckie Realty Co. and Dennis Ratner cross-appeal, from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated September 24, 2015. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of damages against the defendants Beckie Realty Co. and Dennis Ratner. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Dennis Ratner.
ORDERED that the cross appeal by the defendant Beckie Realty Co. is dismissed, as that defendant is not aggrieved by the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 147); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the issue of damages against the defendants Beckie Realty Co. and Dennis Ratner is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from by the defendant Dennis Ratner; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 1984, the plaintiff, City of New York, and the defendant Beckie Realty Co. (hereinafter Beckie) entered into a lease for commercial property located in Brooklyn (hereinafter the property), which was owned by the City. The defendant Dennis Ratner was a general partner of Beckie. In 1985, Beckie sold its leasehold interest in the property for $7.6 million, of which $2.29 million constituted net proceeds. In connection with the sale, Beckie assigned the lease to New York City Industrial Development Agency (hereinafter IDA). In 1986, Beckie ceased all [*2]operations. In November 2004, IDA assigned the lease to Prompt Realty, LLC (hereinafter Prompt). In 2006, Maung Than Zaw Oo (hereinafter Maung) was injured while working at the property. In 2007, Maung commenced an action to recover damages for personal injuries against several defendants, including the City, Beckie, Prompt, and IDA, claiming $100 million in damages (hereinafter the Maung action). Maung later demanded $17 million in order to settle the action. Eventually, the answering defendants in the Maung action entered into a stipulation of settlement for a total of $5.26 million. The City agreed to pay $1.85 million of the total in order to settle all causes of action against it. Beckie and Ratner were not parties to the settlement of the Maung action.
Subsequently, the City commenced the instant action, inter alia, to recover damages for breach of contract against, among others, Beckie and Ratner. The City alleged that Beckie and its partners failed to procure insurance naming the City as an additional insured pursuant to the lease. The City moved for summary judgment on the complaint, and the Supreme Court issued an order granting that branch of the City's motion which was for summary judgment on the cause of action alleging breach of the insurance procurement-agreement insofar as asserted against Beckie. On appeal, we affirmed that order insofar as appealed from by Beckie (see City of New York v Evanston Ins. Co., 129 AD3d 760). Thereafter, the City moved for summary judgment on the issue of damages in the sum of $1 million against Beckie and Ratner, and on the issue of liability against Ratner. In the order appealed from, the court granted that branch of the City's motion which was for summary judgment on the issue of liability against Ratner and denied that branch of the motion which was for summary judgment on the issue of damages against Beckie and Ratner.
We agree with the Supreme Court's determination granting that branch of the City's motion which was for summary judgment on the issue of liability against Ratner. Ordinarily, general partners are personally and individually liable for all obligations of the partnership (see Schaufler v Mengel, Metzger, Barr & Co., LLP, 296 AD2d 742, 744; Midwood Dev. Corp. v K 12th Assoc., 146 AD2d 754, 755; Stern v Low, 27 AD2d 756, 756). It is undisputed that Ratner was the general partner of Beckie. Contrary to Ratner's contention, the exculpatory clause in the lease did not preclude or limit the personal liability of Beckie's general partners (cf. Lawrence v Kennedy, 95 AD3d 955, 959; Kassover v PVP-GCC Holdingco II, LLC, 73 AD3d 626, 628).
The Supreme Court also should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of damages against Beckie and Ratner. Where, as here, the City is self-insured, the proper measure of damages for the failure to procure insurance remains indemnity and defense costs (see Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 114; Spector v Cushman & Wakefield, Inc., 100 AD3d 575, 575; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 620-621; Schumann v City of New York, 242 AD2d 616, 617; Roblee v Corning Community Coll., 134 AD2d 803, 805). Through its evidentiary submissions, including a copy of the subject lease, the City made a prima facie showing that it was entitled to $1 million in damages for Beckie's breach of the agreement to procure insurance in that sum (see Pyramid Brokerage Co., Inc. v Zurich Am. Ins. Co., 71 AD3d 1386, 1387; Town of Hempstead v E. Coast Resource Group, LLC, 67 AD3d 777, 779). In opposition, Beckie and Ratner failed to raise a triable issue of fact (cf. Terrell v City of New York, 74 AD3d 787, 789; Bachrow v Turner Constr. Corp., 46 AD3d 388, 388). The insurance payment allegedly paid by another insurance company on behalf of Prompt is irrelevant, as the City was not named as an additional insured on that policy until two months after the accident and, therefore, that payment was not made on behalf of the City. In addition, the exculpatory clause of the lease limiting liability of the parties to their equity in the property did not preclude the City's recovery, since the $2.29 million in proceeds from the sale of Beckie's leasehold interest in the property reflects its equity in the property (see Wons Cards v Samsondale/Haverstraw Equities, 165 AD2d 157, 164).
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court