Sandoval v Trump Plaza Owners, Inc. (2019 NY Slip Op 05803)





Sandoval v Trump Plaza Owners, Inc.


2019 NY Slip Op 05803


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01863
 (Index No. 703255/15)

[*1]Ramon Nicholas Sandoval, plaintiff,
v
Trump Plaza Owners, Inc., et al., respondents, Peter Katsihtis, appellant, et al., defendants (and third-party actions).


Baxter Smith & Shapiro, P.C., Hicksville, NY (Dennis S. Heffernan of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Peter Katsihtis appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 19, 2017. The order granted that branch of the motion of the defendants Trump Plaza Owners, Inc., and Trump Plaza, LLC, which was for summary judgment on the issue of liability on their fourth cross claim against him.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants Trump Plaza Owners, Inc., and Trump Plaza, LLC (hereinafter together the respondents), and the defendant Peter Katsihtis (hereinafter the appellant) to recover damages for personal injuries the plaintiff allegedly sustained while he was performing construction work at a building in Manhattan during the course of his employment with Arcon Construction Group (hereinafter Arcon). The appellant leased space in the building and hired Arcon. In their fourth cross claim, the respondents alleged that the appellant breached his contractual obligation to procure insurance for their benefit.
We agree with the Supreme Court's determination granting that branch of the respondents' motion which was for summary judgment on the issue of liability on their fourth cross claim against the appellant. The respondents established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject lease required the appellant to obtain insurance naming them as additional insureds and that the appellant failed to do so. In opposition, the appellant failed to raise a triable issue of fact (see DiBuono v Abbey, LLC, 83 AD3d 650; Town of Hempstead v East Coast Resource Group, LLC, 67 AD3d 777; Chaehee Jung v Kum Gang, Inc., 22 AD3d 441).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court