■ JOSEPH DiMURO, Respondent, v TOWN OF BABYLON, Defendant, and J.A. JONES CONSTRUCTION Co., Defendant and Third-Party Plaintiff-Appellant. BRENNAN COMPANY, INC., Third-Party Defendant-Respondent. [620 NYS2d 114] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 5, 1993, which (1) granted the plaintiff's cross motion for partial summary judgment against it on the issue of liability pursuant to Labor Law § 240 (1), and (2) denied its motion for summary judgment against the third-party defendant for indemnification based upon a breach of a contract requiring that the third-party defendant procure liability insurance naming it as an additional insured.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the motion of the defendant third-party plaintiff, and by substituting therefor a provision granting the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the third-party defendant.

Contrary to the contention of the appellant, the Supreme Court acted properly in granting the plaintiff's cross motion for partial summary judgment against it on the issue of liability pursuant to Labor Law § 240 (1). The plaintiff succeeded in demonstrating that he was injured when he fell

from a steel beam at the subject construction site, and that, while he had been provided with a safety belt, there were no safety lines to which the belt could be attached in the work area where he fell *(see, Desrosiers v Barry, Bette & Led Duke,* 189 AD2d 947; *Merante v IBM,* 169 AD2d 710). The appellant's submission of the unsworn statement of a purported witness failed to raise any triable issue of fact, inasmuch as the statement did not constitute evidentiary proof in admissible form *(see, e.g., Grasso v Angerami,* 79 NY2d 813; *Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478). Moreover, the appellant's contention that the plaintiff's fall may have been attributable to the presence of bird droppings on the beam was insufficient to defeat the plaintiff's cross motion. It is well settled that Labor Law § 240 (1) applies where a worker is exposed to elevation-related hazards *(see generally, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509) and, as in this case, is injured in a fall because safety devices which would have prevented or broken the fall are not provided *(see, Iannelli v Olympia & York Battery Park Co.,* 190 AD2d 775; *Allman v Ciminelli Constr. Co.,* 184 AD2d 1022; *Merante v IBM, supra).*

However, we agree with the appellant that the Supreme Court erred in denying its motion for summary judgment against the third-party defendant Brennan Company, Inc. (hereinafter Brennan) based on Brennan's failure to obtain liability coverage which named the appellant as an additional insured. The agreement between these parties clearly required that Brennan procure insurance naming the appellant as an additional insured, and it is undisputed that Brennan failed to comply with this contractual obligation. Therefore, the appellant has demonstrated its entitlement to judgment as a matter of law with respect to this claim *(see, Kinney v Lisk Co.,* 76 NY2d 215; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568). We note that the affirmative defenses asserted by Brennan in opposition to the motion are unavailing because they were not pleaded in the third-party answer and, in any event, are without merit. Accordingly, the appellant is entitled to recover from Brennan the damages resulting from the breach, including the liability of the appellant to the plaintiff and the costs incurred by the appellant in defending the plaintiff's action *(see, Morel v City of New York,* 192 AD2d 428; *Roblee v Corning Community Coll.,* 134 AD2d 803). Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.