■ SHAJI MATHEW et al., Plaintiffs, v WILLIAM L. CROW CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-

Respondent, et al., Third-Party Defendant. TESTWELL CRAIG LABORATORIES, INC., Third-Party Defendant-Appellant. (And Another Third-Party Action.) [632 NYS2d 181] —In an action to recover damages for personal injuries, the third-party defendant Testwell Craig Laboratories, Inc., appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), entered June 28, 1994, which granted the motion of the third-party plaintiff William L. Crow Construction Company for partial summary judgment on the issue of liability on its cause of action for breach of contract.

Ordered that the order is affirmed, with costs.

A provision in the agreement between the general contractor William L. Crow Construction Company (hereinafter Crow) and the subcontractor Testwell Craig Laboratories, Inc. (hereinafter Testwell) required Testwell to purchase comprehensive general insurance covering the construction project on which they were collaborating, and naming Crow as an additional insured. When the plaintiff, an employee of Testwell, was hurt at the construction site and sued Crow, Crow learned that Testwell had not secured the required insurance coverage. Crow moved for partial summary judgment on the issue of liability on its breach of contract cause of action, and the court granted its motion. We now affirm.

There is no merit to Testwell's claim that an unrelated paragraph in the parties' contract, which required Testwell to indemnify Crow for claims arising from Testwell's negligence, somehow affected Testwell's independent and unconditional obligation to procure insurance naming Crow as an additional insured, or that the indemnification provision created an issue of fact as to Testwell's intention in agreeing to purchase such insurance. It is well settled that "[a] contract to procure or provide insurance coverage is clearly distinct from and treated differently than an agreement to indemnify" (Roblee v Corning Community Coll., 134 AD2d 803, 804; see also, Kinney v Lisk Co., 76 NY2d 215; Murray v Curtis Co., 189 AD2d 980).

Because the insurance-procurement clause at issue here was entirely independent of the indemnification provision in the parties' contract, a final determination of Testwell's liability need not await a factual determination as to whose negligence, if anyone's, caused the plaintiff's injuries (see, e.g., Hayes v Crane Hogan Structural Sys., 191 AD2d 978; Edwards v International Bus. Machs. Corp., 174 AD2d 863). Nor need a final determination of Testwell's liability await the outcome of Testwell's fourth-party action against its brokers and insurance company, as it is a general rule that "[t]he potential li-

ability of a third party is not a procedural bar to the granting of summary judgment" *(Bittner v Town of Union Vale,* 72 AD2d 574, 575).

Finally, the insurance purchase agreement, which required the subcontractor to purchase liability insurance providing coverage for both its own *and* the general contractor's negligence, does not violate General Obligations Law § 5-322.1 *(see, Kinney v Lisk Co.,* 76 NY2d 215, *supra).* Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.