■ DONALD KEELAN, Plaintiff, v NIKOLAUS SIVAN, Doing Business as HECKSCHER PLAZA SHOPPING CENTER, et al., Appellants, C. RAIMONDO & SONS CONSTRUCTION Co., Respondent, et al., Defendant. (And Third-Party Actions.) [651 NYS2d 178] —In an action, *inter alia*, to recover damages for personal injuries, the defendants Nikolaus Sivan d/b/a Heckscher Plaza Shopping Center and Waldbaum, Inc., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 13, 1995, as denied that branch of their motion which was for summary judgment in favor of the defendant Waldbaum, Inc., on its cross claim against the defendant C. Raimondo & Sons Construction Co., and (2) from so much of an order of the same court, entered January 22, 1996, as, upon reargument, adhered to the prior determination. Justice Friedmann has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order entered October 13,

1995, is dismissed, as that order was superseded by the order entered January 22, 1996, made upon reargument; and it is further,

Ordered that order entered January 22, 1996, is reversed insofar as appealed from, on the law, that branch of the appellants' motion which was for summary judgment in favor of the defendant Waldbaum, Inc., on its cross claim against the defendant C. Raimondo & Sons Construction Co., is granted, and so much of the order entered October 13, 1995, as denied that branch of the appellants' motion which was for summary judgment in favor of the defendant Waldbaum, Inc., on its cross claim against the defendant C. Raimondo & Sons Construction Co., is vacated; and it is further,

Ordered that the appellants are awarded one bill of costs.

This action arises out of a construction accident which occurred on premises leased by the appellant Waldbaum, Inc. (hereinafter Waldbaum), from the appellant Nickolaus Sivan d/b/a Heckscher Plaza Shopping Center. The plaintiff claimed, *inter alia*, that he was injured while working as an electrician on the premises and was caused to fall into a trench due to the defendants' negligence. Waldbaum asserted in its answer a cross claim against the defendant C. Raimondo & Sons Construction Co. (hereinafter Raimondo), the general contractor on the job, *inter alia*, for breach of contract, and thereafter moved for summary judgment on its cross claim against Raimondo. The Supreme Court denied Waldbaum's motion. On appeal, Waldbaum contends that it was entitled to summary judgment on its cross claim against Raimondo, *inter alia*, because Raimondo failed to procure insurance and name it as an additional insured pursuant to an agreement between Raimondo and The Great Atlantic & Pacific Tea Company, Inc., of which Waldbaum was a wholly-owned subsidiary. We agree.

A promisee seeking summary judgment based upon a promisor's failure to name the promisee as an additional insured, as required by the contract between the two, need only show that the contract so required and that the promisor failed to comply with this provision (*see, Kinney v Lisk Co.*, 76 NY2d 215; *DiMuro v Town of Babylon*, 210 AD2d 373; *Schumacher v Lutheran Community Servs.*, 177 AD2d 568). If such a showing is made, the promisor is liable to the promisee for the resulting damages for the promisor's failure to obtain the required insurance coverage, including the liability of the promisee to the plaintiff (*see, Kinney v Lisk Co., supra; Schumacher v Lutheran Community Servs., supra*), and the costs incurred in defending against the plaintiff's action (*see, DiMuro*

*v Town of Babylon, supra,* at 374; *Morel v City of New York,* 192 AD2d 428; *Roblee v Corning Community Coll.,* 134 AD2d 803).

An agreement to purchase insurance coverage is clearly distinct from and treated differently from an agreement to indemnify (*see, Mathew v Crow Constr. Co.,* 220 AD2d 490; *Roblee v Corning Community Coll., supra*). Thus, an insurance provision which requires a promisor to purchase coverage for its own negligence and the negligence of the promisee is not barred by General Obligations Law § 5-322.1 (*see, Kinney v Lisk Co., supra; Mathew v Crow Constr. Co., supra*). Where, as here, there is an insurance-procurement clause which is "entirely independent of the indemnification provision in the parties' contract, a final determination of [the promisor's] liability need not await a factual determination as to whose negligence, if anyone's, caused the plaintiff's injuries" (*Mathew v Crow Constr. Co., supra,* at 491). Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.