■ DONALD McGILL et al., Plaintiffs, v POLYTECHNIC UNIVERSITY et al., Defendants and Third-Party Plaintiffs-Respondents. MANDEL MECHANICAL CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [651 NYS2d 992] —In an action to recover damages for personal injuries, etc., the third-

party defendant Mandel Mechanical Corporation appeals, as limited by its brief, from stated portions of (1) a decision of the Supreme Court, Kings County (Dowd, J.), dated February 28, 1995, as determined the motion of the defendants third-party plaintiffs Polytechnic University and Morse Diesel International for partial summary judgment, *inter alia,* to direct the appellant to defend and indemnify Polytechnic University and Morse Diesel International in the main action and on their cause of action to recover damages for breach of contract, and (2) an order of the same court, dated March 20, 1995, as granted the motion of the defendants third-party plaintiffs Polytechnic University and Morse Diesel International for partial summary judgment against it.

Ordered that appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is modified, on the law, by deleting the first decretal paragraph thereof which granted the motion of Polytechnic University and Morse Diesel International in all respects and substituting therefor a decretal paragraph granting that branch of the motion of Polytechnic University and Morse Diesel International which was for summary judgment on their cause of action to recover damages for breach of contract; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action arises out of a construction accident in which the plaintiff Donald McGill claimed that while he was working in the employ of the appellant, he slipped and fell while entering the library building in which he was working and which was owned by the defendant Polytechnic University (hereinafter Polytechnic). Polytechnic and the defendant Morse Diesel International (hereinafter Morse), the construction manager on the project, commenced a third-party action against Aetna Casualty & Surety and the appellant, *inter alia,* claiming that the appellant breached its contract with Morse by failing to procure primary liability insurance naming Polytechnic and Morse as additional insureds and seeking indemnification.

The Supreme Court properly granted partial summary judgment to Polytechnic and Morse, to the extent it, in effect, found that the appellant had breached its contract with Morse by failing to procure primary liability insurance naming Polytechnic and Morse as additional insureds.

In this regard, it is well established that the agreement to purchase insurance coverage is clearly distinct from and

treated differently from the agreement to indemnify (*see, Kinney v Lisk Co.,* 76 NY2d 215; *Mathew v Crow Constr. Co.,* 220 AD2d 490). The appellant's failure to show that it purchased the insurance required under its contract renders it responsible for all "resulting damages, including [Polytechnic and Morse's] liability to [the] plaintiff" (*Kinney v Lisk Co., supra,* at 219; *Mathew v Crow Constr. Co., supra; DiMuro v Town of Babylon,* 210 AD2d 373; *Roblee v Corning Community Coll.,* 134 AD2d 803, 805).

The appellant's submission of a certificate of insurance which expressly stated that it was "[a] matter of information only and confer[red] no rights on the appellant" is insufficient, by itself, to show that it purchased the required insurance (*cf., Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.,* 151 AD2d 207).

Notwithstanding the appellant's argument to the contrary, because the insurance procurement clause at issue here was entirely independent of the indemnification provision in the contract between the appellant and Morse—a fact conceded by the appellant in its brief—a final determination of the appellant's liability for its failure to procure insurance need not await a factual determination as to whose negligence, if anyone's, caused the plaintiff's injuries (*see, Mathew v Crow Constr. Co., supra; DiMuro v Town of Babylon, supra; Clapper v County of Albany,* 188 AD2d 774).

However, so much of the Supreme Court's order dated March 20, 1995, as directed the appellant to defend and indemnify Polytechnic and Morse in the underlying personal injury action was premature, since no proof was offered by Polytechnic and Morse as to their freedom from fault so as to entitle them to summary judgment on their claim for contractual indemnification (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *see also, Petito v Beaver Concrete Breaking Co.,* 161 Misc 2d 363, 366; *Groves v Land's End Hous. Co.,* 196 AD2d 406; *cf., Dawson v Pavarini Constr. Co.,* 228 AD2d 468). Bracken, J. P., Thompson, Pizzuto and Santucci, JJ., concur.