■ RICHARD FRAGIACOMO et al., Plaintiffs, v VRH CONSTRUCTION CORP., Respondent, and DUNCAN INTERIORS, INC., Appellant. (And a Third-Party Action.) [661 NYS2d 526] —In an action to recover damages for personal injuries, etc., the defendant Duncan Interiors, Inc., appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated March 28, 1996, which granted the motion by the defendant VRH Construction Corp.

for summary judgment on its cross claim to recover damages for breach of contract.

Ordered that the order is affirmed, with costs.

The plaintiff Richard Fragiacomo was allegedly injured while working on a construction project for which the defendant VRH Construction Corp. (hereinafter VRH) was the general contractor, and the defendant Duncan Interiors, Inc. (hereinafter Duncan) was a subcontractor.

On its motion for summary judgment on its cross claim to recover damages for breach of contract, VRH included as exhibits contracts between VRH and Duncan which required Duncan to purchase certain liability insurance and to have VRH named as an additional insured on the policy. Since Duncan failed to proffer any competent proof showing the existence of a genuine factual question as to whether it had actually complied with these provisions, the Supreme Court properly granted VRH summary judgment on its cross claim. Moreover, the Supreme Court properly held that Duncan is liable to VRH for any resulting damages, including the liability of VRH to the plaintiff to the extent of the required policy limits and the costs of defending the personal injury action. We note that the contract between Duncan and VRH provided that the insurance policy to be purchased by Duncan was to exclude "such injury or damage as shall be determined to be caused by the sole negligence of" VRH (see, Kinney v Lisk Co., 76 NY2d 215; DiMuro v Town of Babylon, 210 AD2d 373; Roblee v Corning Community Coll., 134 AD2d 803; see generally, Zuckerman v City of New York, 49 NY2d 557). Duncan's contention, that VRH waived its rights under this provision, is without merit (see, DiMuro v Town of Babylon, supra).

Duncan's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.