■ ROBERT SCHUMANN et al., Respondents, v CITY OF NEW YORK, Defendant, and RICE MOHAWK U.S. CONSTRUCTION CO., LTD., Defendant and Third-Party Plaintiff-Appellant-Respondent. YONKERS CONTRACTING CO., INC., Third-Party Defendant-Respondent; NEW YORK MARINE & GENERAL INSURANCE COMPANY, Proposed Intervenor-Respondent-Appellant. (And a Second Third-Party Action.) [662 NYS2d 777] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff Rice Mohawk U.S. Construction Co., Ltd., appeals from (a) stated portions of a decision of the Supreme Court, Kings County (Greenstein, J.), dated September 18, 1995, (b) stated portions of an amended order of the same court, dated November 15, 1995, entered upon the decision, which, *inter alia,* granted the third-party defendant's motion for partial summary judgment on its counterclaim for indemnification and denied its motion for summary judgment dismissing the complaint, (c) stated portions of a decision of the same court, dated August 14, 1996, and (d) stated portions of an order of the same court, dated September 20, 1996, entered upon the decision dated August 14, 1996, which, *inter alia,* denied its motion, in effect, to reargue the third-party defendant's motion for partial summary judgment and its motion for summary judgment, and (2) the proposed intervenor New York Marine & General Insurance Company cross-appeals from so much of the order dated September 20, 1996, as denied its motion for leave to intervene.

Ordered that the appeals from the decisions are dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from so much of the order dated November 15, 1995, as denied the branch of the appellant's motion which was for summary judgment dismissing the plaintiffs' complaint is deemed withdrawn; and it is further,

Ordered that the order dated November 15, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the appeal from the order dated September 20,

1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 20, 1996, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the third-party defendant is awarded one bill of costs payable by the appellant and the cross-appellant.

Rice Mohawk U.S. Construction Co., Ltd. (hereinafter Rice), contends that the court erred in granting partial summary judgment against it on the counterclaim of Yonkers Contracting Co., Inc. (hereinafter Yonkers) for indemnification based on Rice's failure to name Yonkers as an additional insured on Rice's liability policy as specified in a contract between these two parties. Yonkers demanded that it be provided with a copy of Rice's policy of insurance including it as an additional insured. Despite this demand Rice failed to provide either Yonkers or the court with such a copy and the court held that, under these circumstances, Rice had breached the contract and that it had to indemnify Yonkers for any damages Yonkers was obligated to pay in the action, up to the limits of Rice's policy.

It is well-settled law that where one party to a contract breaches its obligation to provide the insurance coverage required under the contract, that the breaching party is liable for the resulting damages (*see, Kinney v Lisk Co.,* 76 NY2d 215; *McGill v Polytechnic Univ.,* 235 AD2d 400; *Keelan v Sivan,* 234 AD2d 516; *Mathew v Crow Constr. Co.,* 220 AD2d 490). Insofar as Rice failed to support its contention made at the time of Yonkers' original motion, that it had named Yonkers as an additional insured on its liability policy or to provide the court with any evidence of its compliance with its contractual obligation to provide such insurance, the court properly granted partial summary judgment to Yonkers on its counterclaim for indemnification, up to the limits of Rice's liability policy.

Rice further contends that the court erred in denying its motion denominated as one for renewal and reargument. We disagree. Rice's motion, denominated as one for renewal and reargument was not based upon new evidence which was unavailable upon the original motion and Rice failed to offer a reasonable excuse as to why the insurance policy was not submitted at that time (*see, Caffee v Arnold,* 104 AD2d 352). Therefore, the motion was actually one for reargument, the denial of which is not appealable (*see, McLean v Huntington Hosp.,* 227 AD2d 533; *Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639).

The belated motion to intervene by New York Marine & General Insurance Company, the insurer that issued Rice's policy,

was also properly denied. The insurer moved to intervene only after Yonkers' motion for partial summary judgment had been granted, and the court had determined that Rice had not procured the insurance required by its contract with Yonkers. By denying Rice's motion for reargument the court, in effect, reaffirmed its prior determination. Therefore, the proposed intervenor's claims, that such insurance had been procured, no longer shared a "common question of law or fact" with the main action (CPLR 1013), and the motion to intervene was properly denied.

The parties' remaining contentions are either improperly before this Court or are without merit. Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.