■ JAMES BUNGAY et al., Plaintiffs, v JOY POWER PRODUCTS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. NAB CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant-Respondent. [663 NYS2d 100] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant NAB Construction Corporation appeals (a) from an order of the Supreme Court, Queens County (Lisa, J.), dated July 2, 1996, which, *inter alia,* denied its motion to dismiss the third cause of action of the third-party complaint alleging breach of contract, and (b), as limited by its brief, from so much of an order of the same court, dated December 10, 1996, as denied its motion to "renew and reargue" its prior motion, and (2) the third-party plaintiff Joy Power Products, Inc., appeals (a) from an order of the same court, also dated July 2,

1996, which denied its motion for leave to enter a default judgment and granted the third-party defendant's cross motion to vacate its default in serving a timely answer, and (b), as limited by its brief, from so much of the order dated December 10, 1996, as denied its cross motion to "renew and reargue" its prior motion.

Ordered that the appeals insofar as they relate to the denial of reargument are dismissed, without costs or disbursements, as no appeal lies from the denial of reargument; and it is further,

Ordered that the orders dated July 2, 1996, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated December 10, 1996, is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly denied the third-party plaintiff's motion for leave to enter a default judgment against the third-party defendant, notwithstanding the latter's failure to interpose a timely answer to the third-party complaint. Although the third-party defendant conceded that its delay in serving its answer was due to "law office failure", the record indicates that the delay in service was short and not willful, and that the third-party plaintiff was not prejudiced thereby (see, CPLR 3012 [d]; A & J Concrete Corp. v Arker, 54 NY2d 870; Junior v City of New York, 85 AD2d 683).

The third cause of action alleged that the third-party defendant agreed to procure insurance coverage for a certain project and to carry "such additional insurance" as the third-party plaintiff may specify, that after entering into the agreement, the third-party plaintiff or its agent requested that the third-party defendant obtain general liability insurance naming the third-party plaintiff as an additional insured, and that the third-party defendant failed to comply with such request. We conclude that the third-party plaintiff's third cause of action states a claim upon which relief could be granted (cf., Keelan v Sivan, 234 AD2d 516).

We have considered the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.