■ RADEK HAKL et al., Plaintiffs, v GINSBURG DEVELOPMENT CORP. et al., Defendants and Third-Party Plaintiffs-Appellants, and D & J CONCRETE CORP., Respondent. GAMMA BUILDERS, INC., Third-Party Defendant-Respondent. [794 NYS2d 76]—

In an action to recover damages for personal injuries, etc., the

defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated July 22, 2003, as denied their cross motion for summary judgment on their cross claims against the defendant D & J Concrete Corp. and their third-party claims for contractual indemnification and to recover damages for failure to procure and/or maintain insurance against the third-party defendant Gamma Builders, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the cross motion is granted.

The defendants third-party plaintiffs (hereinafter the Ginsburg defendants) were the general contractors on a building construction project in Queens. On August 24, 2000, the plaintiff Radek Hakl, an employee of the third-party defendant subcontractor, Gamma Builders, Inc. (hereinafter Gamma), was removing tarps from the first floor of the building when a piece of plywood that he was standing on collapsed. Hakl fell to the basement and sustained injuries. Employees of the defendant subcontractor, D & J Concrete Corp. (hereinafter D & J), had placed the plywood and tarps down the previous day. Hakl and his wife, derivatively, commenced this action to recover damages for personal injuries against the Ginsburg defendants and D & J. The Ginsburg defendants impleaded Gamma. The Ginsburg defendants cross-moved for summary judgment on their cross claims against D & J and their third-party claims for contractual indemnification and to recover damages for failure to procure and/or maintain insurance asserted against Gamma.

The Supreme Court, inter alia, denied the cross motion, finding that a question of fact existed regarding whether Hakl's injury was caused by D & J or Gamma.

As the proponent of the cross motion for summary judgment, the Ginsburg defendants demonstrated entitlement to judgment on their claims for contractual indemnification by submitting the respective agreements with D & J and Gamma (hereinafter collectively the subcontractors), and the deposition testimony of Hakl and a D & J employee, which established that Hakl's injury arose out of the performance of the subcontractors' obligations under their respective contracts (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the subcontractors failed to raise a triable issue of fact as to the cross claim or third-party claim for contractual indemnification (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In addition, the Supreme Court erred in denying that branch of the Ginsburg defendants' cross motion which was for sum-

mary judgment on their claims to recover damages for failure to procure and/or maintain insurance, as they made a prima facie showing that the subcontractors failed to procure the requisite liability insurance (*see Lerer v City of New York*, 301 AD2d 577 [2003]; *Keelan v Sivan*, 234 AD2d 516 [1996]; *DiMuro v Town of Babylon*, 210 AD2d 373 [1994]). In opposition, the subcontractors failed to raise a triable issue of fact as to the cross claim and third-party claim to recover damages for failure to procure and/or maintain insurance (*see Zuckerman v City of New York*, *supra*).

The parties' remaining contentions are without merit. Cozier, J.P., Ritter, Spolzino and Skelos, JJ., concur.