■ Maria E. Castano, Plaintiff, v Zee-Jay Realty Co. et al., Appellants, and Waroge Met, Ltd., et al., Respondents. [866 NYS2d 700]—

In an action to recover damages for personal injuries, the defendants Zee-Jay Realty Co., Zvi Berger, and Joel Berger appeal from (1) an order of the Supreme Court, Queens County (Flaherty, J.), dated March 23, 2007, which denied their motion for summary judgment on their cross claim against the defendants Waroge Met, Ltd., and Sizzler #489 for contractual indemnification, and (2) an order of the same court dated August 30, 2007, which, after a trial on the issue of liability, at which the defendants Waroge Met, Ltd., and Sizzler #489 and the defendants Zee-Jay Realty Co. and Zvi Berger were found at fault in the happening of an accident, without apportioning fault among them, and upon settlement of the action with the understanding that the cross claim of the defendants Zee-Jay Realty Co. and Zvi Berger would be determined by the court, granted the motion of the defendants Waroge Met, Ltd., and Sizzler #489 to apportion 100% of the fault to the defendants Zee-Jay Realty Co. and Zvi Berger.

Ordered that the appeal by the defendant Joel Berger from the order dated March 23, 2007 is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal by the defendant Joel Berger from the order dated August 30, 2007 is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]), and on the ground that he is not aggrieved by the order (*see* CPLR 5511); and it is further,

Ordered that the order dated March 23, 2007 is reversed insofar as appealed from by the defendants Zee-Jay Realty Co. and Zvi Berger, on the law, and that branch of the motion insofar as asserted by the defendants Zee-Jay Realty Co. and Zvi Berger which was for summary judgment on their cross claim against the defendant Waroge Met, Ltd., and Sizzler #489 for contractual indemnification is granted; and it is further,

Ordered that the order dated August 30, 2007 is reversed, on the law, and the motion of the defendants Waroge Met, Ltd., and Sizzler #489 to apportion 100% of the fault to the defendants Zee-Jay Realty Co. and Zvi Berger is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants Zee-Jay Realty Co. and Zvi Berger.

The plaintiff allegedly was injured when she tripped and fell on a dangerous and defective public sidewalk. She commenced this action to recover damages for personal injuries against,

among others, the owner of the abutting building, Zee-Jay Realty Co., and one of its partners, Zvi Berger (hereinafter collectively the landlord), and against the tenant of the building, Waroge Met, Ltd., and Sizzler #489 (hereinafter collectively the tenant). The landlord cross-claimed against the tenant for contractual indemnification pursuant to the terms of the lease. After a trial on the issue of liability, at which the landlord and the tenant were found at fault in the happening of the accident, without apportionment of fault among them, they settled the action by each paying the plaintiff the sum of $150,000 with the understanding that the landlord's cross claim for contractual indemnification would be decided by the court. The Supreme Court dismissed the cross claim on the ground that the indemnification provision of the lease was unenforceable pursuant to General Obligations Law § 5-321. The tenant moved to apportion 100% of the fault to the landlord. The Supreme Court granted that relief. We reverse the denial of relief to the landlord and the granting of relief to the tenant.

General Obligations Law § 5-321 provides that an agreement to exempt a lessor from its own negligence is void and unenforceable. However, where, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement (*see Great N. Ins. Co. v Interior Constr. Corp.,* 7 NY3d 412, 417 [2006]; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153 [1977]; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568 [1991]). In such circumstances, the landlord is not exempting itself from liability to the victim for its own negligence. Rather, the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance, and the courts do not, as a general matter, look unfavorably on agreements which, by requiring parties to carry insurance, afford protection to the public (*see Great N. Ins. Co. v Interior Constr. Corp.,* 7 NY3d 412, 417 [2006]; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153 [1977]; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568 [1991]). Here, such an arrangement afforded the plaintiff adequate recourse for the injuries she sustained. Additionally, the tenant's insurer—not the tenant itself—will bear ultimate responsibility for the indemnification payment, which is precisely the result contemplated by the parties when they entered into the lease. Thus, the Supreme Court erred in holding the indemnification provision of the lease unenforceable pursuant to General Obligations Law § 5-321.

The parties' remaining contentions are without merit. Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.