■ JAMES DIBUONO et al., Plaintiffs, v ABBEY, LLC, et al., Defendants, and L.M.C. PARTNERS, LLC, Defendant/Third-Party Plaintiff-Respondent. PALISADES RESOURCES, INC., Third-Party Defendant-Appellant. [922 NYS2d 101]—

In an action to recover damages for injury to property and a related third-party action, inter alia, in effect, for contractual indemnification, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 10, 2009, as granted those branches of the motion of the defendant/third-party plaintiff which were for summary judgment on its causes of action to recover damages for breach of contract for failure to procure insurance, in effect, for contractual indemnification, and for a judgment declaring that it is obligated to defend and indemnify the defendant/third-party plaintiff in the main action.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendant/third-party plaintiff which was for summary judgment on so much of its cause of action, in effect, for contractual indemnification as was based on damages allegedly sustained before and after the term of the subject lease and on so much of its cause of action which was for a judgment declaring that the third-party defendant is obligated to defend and indemnify it in the main action for damages allegedly sustained before and after the term of the subject lease, and substituting therefor a provision denying those branches of the motion, and (2) by adding a provision thereto searching the record and awarding summary judgment to the third-party defendant dismissing so much of the defendant/third-party plaintiff's cause of action, in effect, for contractual indemnification as was based on damages allegedly sustained before and after the term of the subject lease, and declaring that it is not obligated to defend and indemnify the defendant/third-party plaintiff in the main action for damages allegedly sustained before and after the term of the subject lease; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced this action to recover damages for injuries to their land, alleging that on or before July 25, 2005, their property had been contaminated by the leaking of petroleum from gasoline storage tanks located at three nearby service stations. One of those service stations was allegedly owned and operated by the defendant/third-party plaintiff, L.M.C. Partners, LLC (hereinafter LMC). LMC commenced a third-party action against Palisades Resources, Inc. (hereinafter Palisades), to whom it leased its service station from 1999 through 2004, alleging that Palisades breached the lease by failing to procure insurance, and by failing to defend and indemnify it in the action commenced by the plaintiffs.

LMC moved for summary judgment on its first cause of action to recover damages for breach of contract for failure to procure insurance, its second cause of action, in effect, for contractual indemnification, and its third cause of action for a judgment declaring that Palisades is obligated to defend and indemnify it in the main action. The Supreme Court granted LMC's motion, finding that Palisades breached its obligation under the lease to procure insurance coverage in LMC's favor, that Palisades breached its obligation under the lease to defend and indemnify LMC in the main action, and that LMC was entitled to a judgment declaring that Palisades is obligated to defend and indemnify LMC in the main action. We modify.

"A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (*Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]; *see Kinney v Lisk Co.*, 76 NY2d 215 [1990]; *Keelan v Sivan*, 234 AD2d 516, 517 [1996]; *DiMuro v Town of Babylon*, 210 AD2d 373 [1994]). Here, LMC met this burden by submitting a copy of the lease which stated, among other things, that Palisades was to "maintain in full force and effect" certain insurance policies naming LMC as an insured party, and a letter from Palisades's insurer indicating that LMC was not named as an insured party on any policies issued to Palisades. In opposition, Palisades failed to raise a triable issue of fact, since it did not submit any evidence demonstrating that it procured an insurance policy naming LMC as an insured party (*see McGill v Polytechnic Univ.*, 235 AD2d 400, 401-402 [1997]; *Keelan v Sivan*, 234 AD2d at 517-518). Contrary to Palisades's contention, "a final determination of . . . liability for . . . failure to procure insurance need not await a factual determination as to whose negligence, if anyone's, caused the plaintiff's injuries" (*McGill v Polytechnic Univ.*, 235 AD2d at 402; *see Keelan v Sivan*, 234 AD2d at 517-518; *Mathew v Crow Constr. Co.*, 220 AD2d 490, 491 [1995]). Accordingly, the Supreme Court properly granted that branch of LMC's motion which was for summary judgment on the issue of liability on its cause of action to recover damages for breach of contract for failure to procure insurance (*see Kinney v Lisk Co.*, 76 NY2d 215 [1990]; *Keelan v Sivan*, 234 AD2d at 517-518; *DiMuro v Town of Babylon*, 210 AD2d 373 [1994]).

Contrary to Palisades's contention, the indemnification provision in the lease agreement is not rendered unenforceable by General Obligations Law § 5-321, which provides that an agree-

ment that purports to exempt a lessor from its own negligence is void and unenforceable. "[W]here, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement" (*Castano v Zee-Jay Realty Co.*, 55 AD3d 770, 772 [2008]; *see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153 [1977]). Under such circumstances, the purpose of the indemnity clause is not to exempt the lessor from liability to the victim, but to allocate the risk of liability to third parties between the lessor and the lessee (*see Castano v Zee-Jay Realty Co.*, 55 AD3d at 702). Here, LMC and Palisades agreed in the indemnification provision in the lease that Palisades would be responsible for liability to third parties arising from damages incurred during the lease period.

However, the Supreme Court erred in granting that branch of LMC's motion which was for summary judgment on so much of its cause of action, in effect, for contractual indemnification as was based on damages allegedly sustained before and after the term of the lease. Here, the complaint in the main action alleged that the plaintiffs sustained damages as a result of petroleum discharges from the demised premises occurring not only during Palisades's lease term, but also before the term began and after it ended. However, LMC was not entitled to indemnification under the lease with Palisades for any petroleum discharges which occurred before or after the term of the lease (*cf. Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992 [2009]; *Barnes v New York City Hous. Auth.*, 43 AD3d 842 [2007]).

Additionally, since Palisades is not an insurer, its duty to defend "is no broader than its duty to indemnify" (*Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 809 [2009]; *see George v Marshalls of MA, Inc.*, 61 AD3d 925, 931 [2009]; *Bryde v CVS Pharmacy*, 61 AD3d 907, 908-909 [2009]; *Cannavale v County of Westchester*, 158 AD2d 645 [1990]). Thus, since LMC is not entitled to indemnification for damages allegedly sustained before and after the term of the lease, it is also not entitled to a defense for those periods of time.

Accordingly, upon searching the record, Palisades is entitled to summary judgment dismissing so much of LMC's cause of action, in effect, for contractual indemnification as was based on damages allegedly sustained before and after the lease term, and declaring that it is not obligated to defend and indemnify LMC in the main action for damages allegedly sustained before

and after the lease term. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.