JAMES DiBUONO et al., Plaintiffs, v ABBEY, LLC, Respondent, et al., Defendants. L.M.C. PARTNERS, LLC, Defendant/Third-Party Plaintiff; PALISADES RESOURCES, INC., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [944 NYS2d 280]—

In an action to recover damages for injury to property, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 10, 2010, which granted those branches of the motion of the defendant Abbey, LLC, which were for summary judgment on that defendant's cross claims against it to recover damages for breach of contract for failure to procure insurance, for a judgment declaring that it is obligated to defend and indemnify the defendant Abbey, LLC, in the main action pursuant to a lease dated January 20, 1999, and for a judgment declaring, in effect, that it is obligated to indemnify Abbey, LLC, in the main action pursuant to a lease dated February 15, 2005.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Abbey, LLC, which was for summary judgment on so much of its third cross claim as sought a judgment declaring that the third-party defendant is obligated to defend and indemnify it in the main action pursuant to a lease dated January 20, 1999, for damages allegedly arising from discharges of petroleum or other contaminants occurring before or after the

period during which that lease was in effect, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the motion of the defendant Abbey, LLC, which was for summary judgment on its sixth cross claim for a judgment declaring, in effect, that the third-party defendant is obligated to indemnify it in the main action pursuant to a lease dated February 15, 2005, and substituting therefor a provision denying that branch of the motion, (3) by adding a provision thereto searching the record and awarding summary judgment to the third-party defendant declaring that it is not obligated to defend and indemnify the defendant Abbey, LLC, in the main action for damages allegedly arising from discharges of petroleum or other contaminants occurring before or after the period during which the lease dated January 20, 1999, was in effect, and (4) by adding a provision thereto searching the record and awarding summary judgment to the third-party defendant declaring that it is not obligated to indemnify the defendant Abbey, LLC, in the main action pursuant to the lease dated February 15, 2005; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the third-party defendant is not obligated to defend and indemnify the defendant Abbey, LLC, in the main action pursuant to the lease dated January 20, 1999, for damages allegedly arising from discharges of petroleum or other contaminants occurring before or after the period during which that lease was in effect and declaring that the third-party defendant is not obligated to indemnify the defendant Abbey, LLC, in the main action pursuant to the lease dated February 15, 2005.

The plaintiffs commenced this action to recover damages for injuries to their real property, alleging that on or before July 25, 2005, their property was contaminated by the leaking of petroleum from gasoline storage tanks located at three nearby service stations. The defendant Abbey, LLC (hereinafter Abbey), allegedly purchased one of the service stations from the defendant/third-party plaintiff, L.M.C. Partners, LLC (hereinafter LMC), on January 13, 2004, subject to the obligations and liabilities of a lease dated January 20, 1999 (hereinafter Lease 1), between LMC and the third-party defendant, Palisades Resources, Inc. (hereinafter Palisades). Thereafter, on February 15, 2005, Abbey and Palisades allegedly agreed to a second and superseding lease (hereinafter Lease 2), which was effective from February 1, 2005, onwards. Abbey asserted cross claims against Palisades, inter alia, to recover damages for breach of Lease 1 and Lease 2 based on Palisade's failure to procure an

insurance policy naming Abbey as an insured party (second and fifth cross claims), for a judgment declaring that Palisades is obligated to defend and indemnify it in the main action pursuant to Lease 1 (third cross claim), and for a judgment declaring, in effect, that Palisades is obligated to indemnify it in the main action pursuant to Lease 2 (sixth cross claim).

Abbey moved, inter alia, for summary judgment on those cross claims. The Supreme Court granted those branches of Abbey's motion, determining that Palisades breached its obligations to procure insurance coverage in Abbey's favor under Leases 1 and 2, that Palisades breached its obligations under Lease 1 to defend and indemnify Abbey in the main action, and that Palisades breached its obligation under Lease 2 to indemnify Abbey in the main action. Palisades appeals, and we modify.

Contrary to Palisades's contention, the indemnification provisions in Leases 1 and 2 were not rendered unenforceable by General Obligations Law § 5-321, which provides that an agreement which purports to exempt a lessor from its own negligence is void and unenforceable. "[W]here, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement" (*DiBuono v Abbey, LLC*, 83 AD3d 650, 653 [2011] [internal quotation marks omitted]; *see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 418-419 [2006]; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153 [1977]; *Castano v Zee-Jay Realty Co.*, 55 AD3d 770 [2008]). Here, Abbey established, prima facie, that the purpose of the indemnification clauses in Leases 1 and 2 was not to exempt the lessor from liability to the victim, but rather to allocate the risk of liability to third parties between the lessor and the lessee (*see Castano v Zee-Jay Realty Co.*, 55 AD3d at 772).

In opposition to Abbey's prima facie showing that Lease 1 was enforceable as between Palisades and itself, Palisades failed to raise a triable issue of fact as to whether LMC initially procured the agreement through fraudulent inducement by concealing and misrepresenting the subsurface conditions of the demised premises. While a general merger clause is ineffective to exclude parol evidence of fraud, a specific disclaimer will defeat any allegation that the contract was executed in reliance upon contrary oral representations (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *McGowan v Winant Place Assoc.*, 270 AD2d 466 [2000]; *Busch v Mastropierro*, 258 AD2d 492, 493 [1999]). Here, Lease 1 contained provisions stating

that Palisades had examined, and was fully familiar with, the physical condition of the demised premises, including the subsurface conditions, and that no representations or warranties, whether expressed or implied, had been made regarding the condition of the demised premises. These provisions were sufficiently specific to bar Palisades's claim that LMC fraudulently induced it into entering the contract by concealing or orally misrepresenting the subsurface conditions at the demised premises (*see Kasten v Golden*, 50 AD3d 1098, 1098-1099 [2008]; *Fabozzi v Coppa*, 5 AD3d 722, 723-724 [2004]; *Bedowitz v Farrell Dev. Co.*, 289 AD2d 432, 433 [2001]; *Platzman v Morris*, 283 AD2d 561, 562-563 [2001]; *Busch v Mastropierro*, 258 AD2d at 493; *Masters v Visual Bldg. Inspections*, 227 AD2d 597, 597-598 [1996]). Moreover, Lease 1 contained several provisions indicating that LMC would perform certain remedial work at the demised premises. Thus, the facts which were allegedly misrepresented with respect to the subsurface conditions were "not matters peculiarly within [LMC's] knowledge, and [Palisades] ha[d] the means available to [it] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (*Danann Realty Corp. v Harris*, 5 NY2d at 322 [internal quotation marks omitted]). Accordingly, Palisades "will not be heard to complain that [it] was induced to enter into the transaction by misrepresentations" regarding the subsurface conditions at the demised premises (*id.* [internal quotation marks omitted]).

Therefore, insofar as Palisades contends that it raised a triable issue of fact as to whether Lease 1 was procured by fraudulent inducement, thereby precluding summary judgment in favor of Abbey on its cross claims to recover damages for breach of contract for failure to procure insurance and for a judgment declaring that Palisades is obligated to defend and indemnify it in the main action under Lease 1, its argument is without merit.

Palisades further contends that its obligations under Lease 1 to defend, indemnify, and procure insurance coverage were dependent upon the successful completion of certain remedial work by the lessor. This contention, however, is contradicted by the provision in that agreement which states that "[t]he obligations and liabilities of Lessee hereunder in no way shall be released, discharged or otherwise affected . . . by reason of . . . any failure on the part of Lessor to comply with or perform any of the terms hereof."

However, the Supreme Court erred in granting that branch of Abbey's motion which was for summary judgment on so much of its third cross claim as sought a judgment declaring that

Palisades was obligated to defend and indemnify it in the main action pursuant to Lease 1 for damages allegedly arising from discharges of petroleum or other contaminants occurring before or after the period during which that lease was in effect. The complaint in the main action alleged that the plaintiffs sustained damages as a result of petroleum discharges from the demised premises occurring not only during the effective dates of Lease 1, but also before and after that period. Thus, Abbey was not entitled to indemnification from Palisades pursuant to Lease 1 for damages to the plaintiffs' land which arose from discharges of petroleum or other contaminants occurring before or after the period during which that lease was in effect as between Abbey and Palisades (*see DiBuono v Abbey, LLC*, 83 AD3d at 653).

Additionally, since Palisades is not an insurer, its duty to defend "is no broader than its duty to indemnify" under Lease 1 (*Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 809 [2009]; *see George v Marshalls of MA, Inc.*, 61 AD3d 925, 931 [2009]; *Bryde v CVS Pharmacy*, 61 AD3d 907, 908-909 [2009]; *Cannavale v County of Westchester*, 158 AD2d 645 [1990]). Thus, since Abbey is not entitled to indemnification for damages allegedly arising from discharges of petroleum or other contaminants occurring before or after the period during which Lease 1 was in effect, it is also not entitled to a defense for those alleged damages (*see DiBuono v Abbey, LLC*, 83 AD3d at 653).

The Supreme Court also erred in granting that branch of Abbey's motion which was for summary judgment on its sixth cross claim for a judgment declaring, in effect, that Palisades was obligated to indemnify it in the main action pursuant to the indemnification provision in Lease 2. "The right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.*, 61 AD3d at 930; *see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d at 809; *Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*George v Marshalls of MA, Inc.*, 61 AD3d at 930; *see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d at 809). In Lease 2, Palisades agreed to indemnify Abbey for damages or injuries "occurring on the demised premises or any part thereof." Since the damages alleged in the main action occurred on the plaintiffs' land, and not on the demised premises under Lease 2 or any part thereof, the indemnification provision in Lease 2 does not obligate Palisades to indemnify Abbey in the main action.

Accordingly, upon searching the record, we conclude that

Palisades is entitled to summary judgment declaring that it is not obligated to defend and indemnify Abbey in the main action pursuant to Lease 1 for damages allegedly arising from discharges of petroleum or other contaminants occurring before or after the period during which that lease was in effect, and declaring that it is not obligated to indemnify Abbey in the main action pursuant to Lease 2.

Since Abbey, in part, sought declaratory relief, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that Palisades is not obligated to defend and indemnify Abbey in the main action pursuant to Lease 1 for damages allegedly arising from discharge of petroleum or other contaminants occurring before or after the period during which that lease was in effect, and declaring that Palisades is not obligated to indemnify Abby in the main action pursuant to Lease 2 (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.