# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**382**

**CA 12-01329**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND SCONIERS, JJ.

---

CARL D. MULLIN, PLAINTIFF-RESPONDENT,

                          V                              MEMORANDUM AND ORDER

WASTE MANAGEMENT OF NEW YORK, LLC,
DEFENDANT-RESPONDENT.
---------------------------------------------
WASTE MANAGEMENT OF NEW YORK, LLC,
THIRD-PARTY PLAINTIFF-RESPONDENT,

                          V

RICCELLI ENTERPRISES, INC.,
THIRD-PARTY DEFENDANT-APPELLANT.

---

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NICOLE MARLOW-JONES OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (JAMES P. MCELHENY OF COUNSEL), FOR DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered April 17, 2012.  The order, among other things, granted in part third-party plaintiff's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff, an employee of third-party defendant, Riccelli Enterprises, Inc. (Riccelli), commenced this action seeking damages for injuries he sustained when he fell from a ladder while adjusting a tarp on Riccelli's trailer.  The accident occurred at the Kingston facility of defendant-third-party plaintiff, Waste Management of New York, LLC (Waste Management).  Pursuant to an agreement between Riccelli and Waste Management, Riccelli was required to name Waste Management and Waste Management, Inc. (Waste, Inc.) as additional insureds on various insurance policies, including workers' compensation, commercial general liability (CGL), and automobile liability policies.

Supreme Court properly granted that part of Waste Management's motion seeking partial summary judgment on its breach of contract cause of action against Riccelli based on Riccelli's failure to name

Waste Management as an additional insured on the required insurance policies (*see DiBuono v Abbey, LLC*, 83 AD3d 650, 652).  Riccelli failed to respond to Waste Management's demand to produce the various insurance policies showing that Waste Management was a named insured and, indeed, as noted by the court, Riccelli admitted in response to Waste Management's motion that it failed to name Waste Management as an additional insured.

Moreover, the court did not abuse its discretion in denying Riccelli's motion seeking leave to submit new evidence while the court's decision was pending on the original motions.  In determining this issue, we note that the motion was analogous to one for leave to renew, and we therefore apply the analysis applicable to such motions (*see generally Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1627-1628).  Riccelli failed to establish that the purported new evidence was not in existence or not available at the time of Waste Management's motion, and, in fact, the insurance policies were all in existence well before Waste Management's motion.  The court also properly concluded that Riccelli failed to establish a reasonable justification for its failure to present the evidence in opposition to Waste Management's motion (*see generally id.* at 1628).  In any event, the court properly concluded that the new information would not have resulted in a different determination (*see generally id.*).  The CGL policy shows that Waste, Inc. was named as an additional insured, but Waste Management was not.  In its September 18, 2008 letter to Riccelli, the CGL insurer specifically noted that Waste Management was not added as an additional insured until after the accident.  In addition, while Riccelli correctly notes that its automobile insurer initially offered to defend Waste Management, that insurer subsequently issued a disclaimer letter on the ground that Waste Management was not added as an additional insured on the policy until after the accident.

Entered:  May 3, 2013                              Frances E. Cafarell
                                                    Clerk of the Court