(August 27, 2014)

■ KERRY BACON et al., Plaintiffs, v 4042 AUSTIN BLVD., LLC, Defendant/Third-Party Plaintiff-Appellant. SOUTH ISLAND MEDICAL, LLP, INC., Third-Party Defendant-Respondent. [991 NYS2d 365]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 1, 2013, as denied that branch of its motion which was for summary judgment on its third-party cause of action for contractual indemnification and granted that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant/third-party plaintiff which was for summary judgment on its third-party cause of action for contractual indemnification is granted, and that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification is denied.

On February 7, 2011, the plaintiff Kerry Bacon (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on ice outside the entrance to a building owned by the defendant, 4042 Austin Blvd., LLC (hereinafter 4042 Austin), and leased to the third-party defendant, South Island Medical, LLP, Inc. (hereinafter South Island). The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries against 4042 Austin. 4042 Austin commenced a third-party action against South Island, inter alia, for contractual indemnification. Thereafter, 4042 Austin moved, among other things, for summary judgment on its third-party cause of action for contractual indemnification, and South Island cross-moved, inter alia, for summary judgment dismissing the third-party cause of action for contractual indemnification. In an order entered April 1, 2013, the Supreme Court, among other things, denied that branch of 4042 Austin's motion which was for summary judgment on its third-party cause of action for contractual indemnification, and granted that branch of South Island's cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. 4042 Austin appeals from those portions of the order.

"[W]here, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement" (*DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064 [2012] [internal quotation marks omitted]; *see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 418-419 [2006]; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153 [1977]). Here, 4042 Austin established, prima facie, that the purpose of the indemnification provision in the subject lease was not to exempt it from liability to the victim for its own negligence, but rather to allocate the risk of liability to third parties between the lessor and the lessee (*see DiBuono v Abbey, LLC*, 95 AD3d at 1064; *Castano v Zee-Jay Realty Co.*, 55 AD3d 770, 772 [2008]). In opposition to 4042 Austin's prima facie showing, South Island failed to raise a triable issue of fact.

South Island's remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, the Supreme Court should have granted that branch of 4042 Austin's motion which was for summary judgment on its third-party cause of action for contractual indemnification, and denied that branch of South Island's cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.