Markowitz v 420 Kent Ave., LLC (2026 NY Slip Op 00499)

Markowitz v 420 Kent Ave., LLC

2026 NY Slip Op 00499

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-08732
2024-12080
 (Index No. 527648/21)

[*1]Malka Markowitz, plaintiff, 
v420 Kent Avenue, LLC, et al., appellants, U.S. Rent A Fence, Inc., respondent.

Leon R. Kowalski (Mauro Lilling Naparty LLP, Woodbury, NY [Glenn A. Kaminska and Jennifer B. Adler], of counsel), for appellants.
Chesney, Nicholas & Brower, LLP, Syosset, NY (Scott A. Koltun of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 420 Kent Avenue, LLC, and First Service Residential, Inc., appeal from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated April 29, 2024, and (2) an order of the same court dated October 2, 2024. The order dated April 29, 2024, insofar as appealed from, denied those defendants' motion for summary judgment on their cross-claim against the defendant U.S. Rent A Fence, Inc., for common-law indemnification and granted that branch of the cross-motion of the defendant U.S. Rent A Fence, Inc., which was for summary judgment on its cross-claim against the defendant 420 Kent Avenue, LLC, alleging breach of contract for failure to procure insurance. The order dated October 2, 2024, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated April 29, 2024, denying the motion of the defendants 420 Kent Avenue, LLC, and First Service Residential, Inc., for summary judgment on their cross-claim against the defendant U.S. Rent A Fence, Inc., for common-law indemnification and granting that branch of the cross-motion of the defendant U.S. Rent A Fence, Inc., which was for summary judgment on its cross-claim against the defendant 420 Kent Avenue, LLC, alleging breach of contract for failure to procure insurance.
ORDERED that the appeal from the order dated April 29, 2024, is dismissed, as the portion of the order appealed from was superseded by the order dated October 2, 2024, made, in effect, upon reargument; and it is further,
ORDERED that the order dated October 2, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant U.S. Rent A Fence, Inc.
In June 2021, the defendant 420 Kent Avenue, LLC (hereinafter 420 Kent), entered into a rental agreement with the defendant U.S. Rent A Fence, Inc. (hereinafter U.S. Fence), pursuant to which U.S. Fence agreed to both install and uninstall a temporary chain-link fence on property owned by 420 Kent. On July 5, 2021, as the fence was being disassembled by U.S. Fence, the [*2]plaintiff allegedly was injured when she tripped and fell on one of the fence bases. Thereafter, the plaintiff commenced this personal injury action against U.S. Fence, 420 Kent, and the defendant First Service Residential, Inc. (hereinafter First Service), which also allegedly owned the property on which the fence was located. In their answer, 420 Kent and First Service (hereinafter together the owners) asserted, inter alia, a cross-claim against U.S. Fence for common-law indemnification. In its answer, U.S. Fence asserted, among other things, a cross-claim against 420 Kent alleging breach of contract for failure to procure insurance.
The owners subsequently moved for summary judgment on their cross-claim against U.S. Fence for common-law indemnification. U.S. Fence opposed the motion and cross-moved, inter alia, for summary judgment on its cross-claim against 420 Kent alleging breach of contract for failure to procure insurance. In an order dated April 29, 2024, the Supreme Court, among other things, denied the owners' motion and granted that branch of U.S. Fence's cross-motion. Thereafter, the owners moved for leave to reargue their motion for summary judgment on their cross-claim against U.S. Fence for common-law indemnification and their opposition to that branch of U.S. Fence's cross-motion which was for summary judgment on its cross-claim against 420 Kent alleging breach of contract for failure to procure insurance. In an order dated October 2, 2024, the court, in effect, granted the owners leave to reargue but, upon reargument, adhered to the prior determination in the order dated April 29, 2024, denying the owners' motion and granting that branch of U.S. Fence's cross-motion. The owners appeal.
The Supreme Court, in effect, upon reargument, properly adhered to the prior determination denying the owners' motion for summary judgment on their cross-claim against U.S. Fence for common-law indemnification. "[T]o establish a claim for common-law indemnification, a party must prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident" (Balanta v Guo Lin Wu, 220 AD3d 720, 721 [internal quotation marks omitted]; see Benedetto v Carrera Realty Corp., 32 AD3d 874, 875). Here, the owners failed to establish, prima facie, that they were not negligent and that U.S. Fence was responsible for negligence that contributed to the accident (see Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999; Benedetto v Carrera Realty Corp., 32 AD3d at 875). Since the owners failed to demonstrate their prima facie entitlement to judgment as a matter of law, the court properly denied their motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852).
The Supreme Court, in effect, upon reargument, also properly adhered to the prior determination granting that branch of U.S. Fence's cross-motion which was for summary judgment on its cross-claim against 420 Kent alleging breach of contract for failure to procure insurance. "A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (DiBuono v Abbey, LLC, 83 AD3d 650, 652 [internal quotation marks omitted]; see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 701). Here, U.S. Fence demonstrated its prima facie entitlement to judgment as a matter of law by submitting a copy of the rental agreement, which, among other things, required 420 Kent to obtain insurance coverage naming U.S. Fence as an additional insured, and a letter from 420 Kent's insurer stating that U.S. Fence was not named as an insured party on the general liability insurance policy issued to 420 Kent (see DiBuono v Abbey, LLC, 83 AD3d at 652). In opposition, the owners failed to raise a triable issue of fact, since they did not submit any evidence demonstrating that 420 Kent procured an insurance policy naming U.S. Fence as an insured party (see id.; McGill v Polytechnic Univ., 235 AD2d 400).
The owners' remaining contention is without merit.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court